NEWTON JOYNER *vs.* INHABITANTS OF GREAT BARRINGTON.

Berkshire.    Sept. 15. — Oct. 21, 1875.    AMES & DEVENS, JJ., absent.

In an action to recover for injuries to the plaintiff's horses, occasioned by an alleged defect in a highway arising from the want of a sufficient railing by the side of a bridge, from which the horses fell, there was evidence that a well defined portion of the road within its located limits, at a place where the road approached and crossed the bridge, had been raised up, crowned in the centre, and in that way prepared for public travel ; that on the side of this elevated portion of the way another lower, well-trodden way had been made by sleighs passing along it to get better sleighing ; that as the lower track approached the bridge it turned up into the higher track, and, after crossing the bridge, turned again into the lower track ; that no provision had been made for travellers to go down from the wrought to the side track, or to return therefrom. The evidence was conflicting upon the question whether the side track had been purposely constructed for winter travel. At the time of the accident the plaintiff had been driving in his sleigh along the lower track until he came to the bridge, and was turning up toward the crowned centre of the road, which at that point was worn smooth towards the sides by sleighs, when his horses slipped and fell over the side of the bridge. The jury were instructed, upon the question of the plaintiff's care, that if the accident was in any respect attributable to the plaintiff's being out of the proper or wrought track of the road, and would not have occurred if he had travelled in the wrought track, and he left the wrought road intentionally and for no reason except to get better sleighing, he would not be entitled to recover. *Held,* that this ruling was erroneous, and that the question whether the plaintiff was in the exercise of due care was for the jury.

TORT to recover for injuries to the plaintiff's horses and harnesses, alleged to have been caused by a defect in a highway in the defendant town.

At the trial in the Superior Court, before *Brigham*, C. J., the jury found for the defendant, and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*H. C. Joyner*, (*H. J. Dunham* with him,) for the plaintiff.

*J. Dewey, Jr.*, for the defendant.

COLT, J. The defect in the highway, which the plaintiff relied on as the cause of the alleged injury, was the want of a sufficient railing by the side of the small bridge or culvert from which his horses fell.

There was evidence that, in repairing the road, a well defined portion within its located limits, at a place where the track approached and crossed the culvert, had been raised up, crowned in the centre, and in that way prepared for public travel. On the side of this elevated way, until it reached the culvert, another well trodden pathway had been made by sleighs, which had passed along it to get better sleighing when the snow had blown from the higher part. It was lower in grade than the other, and corresponded in location with the ditch on that side. As it approached and crossed the bridge, it turned up into the turnpike, and then turned off again into the lower or ditch track. It was in evidence that no provision had been made for travellers to go down from the wrought to the side track, or to return therefrom. On the question whether this side track or winter road had been purposely constructed for winter travel, the evidence was conflicting.

The plaintiff was in his sleigh at the time of the accident. He followed the line of sleigh travel as described, until he came to the bridge, and then turned up toward the crowned centre of the road, which at that point had been worn smooth by the sleighs, and was slippery towards the sides. One of his horses slipped, fell, finally went over the side of the bridge, and was drowned.

In this aspect of the case, the jury were told, in connection with other instructions not excepted to, and not reported, " that if the accident was in any respect attributable to the plaintiff's being out of the proper or wrought track of the road, and would not have occurred if the plaintiff had travelled in the wrought track, and if the plaintiff left the wrought road intentionally and for no reason except to get better sleighing, the plaintiff would not be entitled to recover."

This instruction is open to the objection that the question of the plaintiff's care was a question of fact, upon this evidence, for the jury. The jury might have found that the plaintiff was in the exercise of ordinary care in passing from one travelled path to the other ; and they might have found otherwise. But it could not be properly ruled as a matter of law that the conduct of the plaintiff here disclosed was conclusive upon that question.

For this reason a new trial must be had, and it is not necessary to discuss the other instructions, or to determine whether they need qualification upon facts now presented, but which may be materially varied at the next trial.        *Exceptions sustained.*