## City of Scranton *versus* Hill.

1. Where a pedestrian on a public street at night intentionally left the highway in order to take a by-path, but missed the path and was injured by falling off the end of a culvert which projected beyond the street line on a level therewith, he cannot recover damages from the municipality on the ground of negligence by it in omitting to erect guards at the point of the highway where he turned off.

2. Where the undisputed evidence, including that of the plaintiff himself, showed the above state of facts, the court should have directed a verdict for the defendant.

February 20th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas of *Lackawanna county :*  Of July Term 1882, No. 129.

Case, by David Hill against the city of Scranton to recover damages for personal injuries to said plaintiff, caused, as alleged, by the negligence of the defendant.   Plea, not guilty.

On the trial, before HANDLEY, P. J., the following facts appeared :—The city defendant had built a large culvert under and across Main street, one of its public highways, about ten to twelve feet in depth, the masonry of which projected from three to seven feet beyond the northern line of the street, and on a level therewith.   On the southern or lower side of the street, at the edge of the culvert, a hand rail had been placed for the protection of pedestrians, but upon the upper or northern side there was no guard.   Some five or ten feet beyond the culvert and commencing from the northern or upper side of the street, a pathway runs across the open land, which had been used for some years by the residents of that neighborhood.

On October 19th 1879, the plaintiff was returning home on the upper side of Main street between eight and half past eight in the evening.   He intended to cross the culvert and take said pathway to his home, but in the darkness he turned off from Main street before he had crossed the culvert and fell off the end of the culvert into the gully, and was injured.

The defendant presented, inter alia, the following points :

1. It being the undisputed testimony in this case that the plaintiff left the public street of his own accord, for the purpose of entering upon a footpath without the limit of the highway, that he did so for his own convenience, having full knowledge of the condition of the highway at that point and its connection with the foot-path, then he did so at his own peril and therefore he cannot recover in this case."

Answer.  If you find that the evidence is undisputed, as

[City of Scranton *v.* Hill.]

stated in this point, then we affirm it. If, however, you find that the evidence is disputed, and that it fails to establish that the plaintiff left the public highway before he approached and reached the culvert, then we cannot affirm it. (First assignment of error.)

2. "It being the undisputed testimony in this case that the plaintiff elected to leave the traveled street for the purpose of passing over an adjacent lot, without the limit of the highway, that though the right to pass over such adjacent lot may exist so far as to protect the plaintiff from trespass, yet the safety of the way in which he passed to such adjacent lot is at his own peril, that the defendant is not under any legal obligation to keep such passage to an adjacent lot in a safe condition, and therefore the plaintiff cannot recover."

Answer. If you find that the evidence is undisputed as stated in this point, then we affirm it. If, however, you find from the evidence that the plaintiff had not passed without the limits of the highway when this accident occurred, then we cannot affirm it. (Second assignment of error.)

3. It being the testimony of the plaintiff that he had been acquainted for years with the locality at which his injury was received, and that he was fully aware of another safe and traveled street leading to his home by a shorter route, that when he decided upon taking the street near which he was injured he did so at his own peril, and therefore the plaintiff cannot recover.

Answer. This point we cannot affirm. (Third assignment of error.)

5. "If the jury find that the street in question was filled out and graded to, and for several feet beyond the highway upon the side where the injury occurred, and that the plaintiff, under his own testimony, was safe as long as he kept in the traveled street, that when he formed the resolution to leave such safe way and enter upon a foot-path without the limit of the highway, he took his safety into his own hands and that he cannot recover.

Answer. This point we cannot affirm as it is here presented; but we say to you, as we have already said in our general charge, that whenever a city constructs a public work, such as a bridge or a culvert, and leaves it so unguarded and unprotected that a person while passing over it, may in an instant be injured, it falls clearly within the rule we have already stated to you in our general charge. (Fourth assignment of error.)

The court charged, inter alia, as follows:—

"The rule is, and this rule will have to be applied while passing upon this question: If the city so construct a piece of work and leave it in such condition that by error of judgment,

[City of Scranton *v.* Hill.]

committed in an instant with no power in the person who committed such error of judgment to retrace his steps, and he is thus injured, because of his being placed in that position by the negligence of the city, then, even though it was an error of judgment on his part, the city would be yet liable. This may be further illustrated, as it was in several other cases. Where a master employs a servant and puts him in such a dangerous position that in an instant he has to form a judgment whether he shall step to the right or to the left, and having but that instant to save his life, if he errs in judgment and loses his life by taking that step, the master is liable; the master had no business to put his servant in a position of that kind. We apply the same rule of law to a city. If a city will so construct a bridge or a culvert, and leave it in such condition that by an error of judgment committed in the space of only two steps, which may be taken in an instant, the city is liable." (Sixth assignment of error.)

Verdict for the plaintiff for $400, and judgment thereon. Defendant took this writ of error, assigning for error, the answer to his points and the portion of the charge above quoted.

*I. H. Burns* and *J. P. Albro*, for the plaintiff in error.—The city performed its full duty when it provided a safe way for those who endeavor to keep on the street and only leave it at such points as have been provided for that purpose. It is not its duty to keep travelers, by guards, within the highways, or to keep them from intentionally wandering off a culvert that is without the limit of the highway. It being the undisputed fact that defendant in error did voluntarily leave the public highway, we were entitled to an unqualified affirmation of our points: Tisdale *v.* Inhabitants of Norton, 8 Metcalf 388 ; Shepardson *v.* Colerain, 13 Id. 55 ; Warner *v.* Holyoke, 112 Mass. 363 ; Murphy *v.* Gloucester, 105 Id. 470.

*Cohen* (with him *Hyneman, Ward & Horne* and *Thomas*), for defendant in error.—The court properly submitted the questions of negligence and contributory negligence to the jury.

Mr. Justice STERRETT delivered the opinion of the court, May 7th 1883.

The plaintiff below was severely injured by falling from the end of the culvert constructed under and across Main street, in the city of Scranton, and terminating somewhat abruptly several feet beyond the northwesterly line of the street. From a point, on the same side of the street, a short distance beyond the culvert, a foot path diverged in the direction of plaintiff's home. According to the uncontradicted evidence in the case, including his own testimony, he intentionally left the street

with the view of taking the path and following it homeward; but, by mistake, he turned off the street too soon,—before he had crossed the culvert and reached the point where the path commenced,—and was thus led to the end of the culvert, from which he fell. If he had not purposely gone beyond the line of the street, or had not turned off quite so soon, it is very evident he would have encountered no danger. The unfortunate accident which befel him resulted not from the want of proper guards for the protection of those passing and repassing along the street, but solely from the fact that he had determined to leave and did leave the street for the purpose above stated. In answer to a question, on cross-examination, the plaintiff himself says he would not have fallen if he had not turned off the street. It cannot be doubted that if he had intended to keep within the lines of the street and proceed thereon in the direction he was going before he turned off to the left, he would have passed the culvert in safety, and without being exposed to any danger. The testimony is susceptible of no other rational conclusion. It follows, therefore, that in purposely leaving the public highway, as he did, he took upon himself the risk of every danger that beset his path; at least, the city owed him no duty of protection in his voluntary effort, not to follow the street, but to leave it in search of the foot-path, through private property, over which the municipal authorities had no control whatever.

In the first point submitted by the defendant below, the court was requested to charge as follows: " It being the undisputed testimony in this case that the plaintiff left the public street of his own accord, for the purpose of entering upon a foot-path without the limit of the highway, that he did so for his own convenience, having full knowledge of the condition of the highway at that point and its connection with the foot-path, then he did so at his own peril and he cannot recover." There was no conflict of testimony as to either of the allegations of fact embodied in this proposition. They were each clearly and conclusively established by the testimony of the plaintiff himself and other witnesses. Nor can there be any doubt as to the correctness of the legal conclusions drawn therefrom. We think, therefore, that the learned judge erred in submitting the facts to the jury, and in not affirming the point as presented, without any qualification or expression of doubt as to the correctness of the facts therein stated. The proposition was vital to the defence, and conclusive of the plaintiff's right to recover upon the evidence before the court and jury.

For reasons already suggested, the second and fourth assignments of error are also sustained. The undisputed evidence is that the end of the culvert, from which the plaintiff below fell, was several feet beyond the limits of the street. There was no

testimony from which the jury could have found "that the plaintiff had not passed without the limits of the highway when the accident occurred." It was therefore error to submit a question of fact of which there was no evidence.

The third, fifth, seventh and eighth specifications of error do not call for special notice. They are not sustained.

The principle stated in that portion of the charge covered by the sixth assignment is, perhaps, unobjectionable in the abstract ; but it had no application to the facts of the case under consideration, and was calculated to mislead the jury.

The first assignment of error being decisive of the case, we have deemed it unnecessary to elaborate the points involved in the other specifications.

Judgment reversed.