No. ——.

JOHN KLEIN v. CITY OF DALLAS.

1. LIABILITY OF CITY FOR DANGEROUS STREETS, ETC.— When a city has a charter with defined powers, the law imposes the duty of faithfully exercising them; and it gives an action to any person injured by a negligent failure of such duty. (Galveston v. Posnainsky, 62 Texas, 118.)

2. SAME—DALLAS.—By the charter of the city of Dallas, the city was given control of its streets, sidewalks, sewers, etc. Its ordinances recognized Pacific avenue as a street. A sidewalk about six feet wide on this street is separated from the street by a ditch from three and a half to four feet deep, with perpendicular bank next the sidewalk. On a night in December, about eight or nine o'clock, plaintiff, passing along the sidewalk in the dark, fell into the ditch and broke his leg. In suit for damages, *held:*

(1) Error to instruct the jury to return a verdict for defendant unless they found from the testimony that the defe··dant had constructed the sidewalk and ditch.

(2) If the sidewalks, by whomsoever constructed, became dangerous to the traveling public, the corporation was bound to repair them.

(3) A neglect to repair after notice of the defect would be a cause of liability in favor of one injured thereby.

(4) By notice is meant actual or constructive. The latter exists if the corporation, by the exercise of ordinary diligence, could have discovered the defect in time to have made the necessary repairs before the injury, and, is inferred by the circumstances by the jury.

3. SAME—NOTICE.—If a city constructs a sidewalk in which are visible defects, no further notice is needed.

4. SAME.—The mere existence of a dangerous sidewalk would not raise the presumption that it was known to the city authorities. The city would not be liable for the act of a wrong doer rendering the street or sidewalk dangerous until notice be brought home to the city authorities of such condition.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

Appellant sued appellee for five thousand dollars for personal injuries received from a fall into a sewer or ditch bordering on the sidewalk, on Pacific avenue, near the junction of Sycamore street and Bryan street, in the corporate limits of the city, caused by appellee's negligently constructing, or causing to be negligently constructed, said sidewalk and ditch. Petition also alleges that the sidewalk is only three feet wide, had no guard or rail, the street was not lighted, the ditch was not covered, and the sidewalk and ditch were dangerous, imperfect and defective. The injuries are alleged to have occurred while plaintiff was walking along the sidewalk at night. He fell into the ditch, broke his leg and bruised his chin.

The city answered by demurrer and general denial.

Plaintiff proved that the ditch was between the sidewalk and the street; that it was from three to four and a half feet deep; that the sidewalk was of gravel and about six feet wide; the ditch had perpendicular side next the sidewalk—no guard or rail to prevent passers from falling. The railroad kept an old oil lamp about fifty feet from the intersection of Sycamore street and the avenue, on the opposite sidewalk, but on the night of the accident this light was not burning, and that there was no other light near the place. The bottom of the ditch was of some hard substance—wood or stone. Plaintiff swears he was not acquainted with the streets. On eight or nine o'clock at night, December, 1883, plaintiff was passing along Pacific avenue; there being no light, he fell into the ditch and broke his leg below the knee and bruised his chin. Other persons had fallen into the same ditch. The avenue in question is one of the most frequented streets in Dallas. One of the witnesses testified the ditch was a perfect "man trap." Since plaintiff's injury the ditch has been filled up somewhat, so that at the trial it was not as deep as when plaintiff fell into it.

The charter of the city gives it exclusive control and power of the streets and alleys, public grounds and highways; right to abate and remove obstructions thereon; to open, alter, clean and improve streets; to put up drains or sewers and to prevent the encumbering thereof, and to protect the same from any encroachment or injury, and to regulate and alter the grade of premises and to require the filling up and raising of the same;

also to establish, erect and construct, regulate and keep in repair bridges, culverts, sewers, sidewalks and crossways, and to regulate the construction and use of the same; to abate and punish for any obstructions or encroachments thereon; and the cost of construction of sidewalks shall be defrayed by the owner of the lot or part of lot or block on which it fronts, together with the cost of collection, in such manner as the city council may by ordinance provide; and a sale of any lot or part of lot or block to enforce collections of costs of sidewalks shall convey a good title to the purchaser; and the balance of proceeds of sale, after paying the amount due the city and costs of sale, shall be paid by the city to the owner. Also to provide for lighting the streets and erecting lamp posts and lamps therein, and regulate the lighting thereof; and from time to time create, alter or extend lamp districts; to exclusively regulate, direct and control the laying and repairing of gas pipes, etc. Also to prevent the encumbering of streets, alleys, sidewalks and public grounds with carriages, etc.; to compel all persons to keep all weeds, filth and any kind of rubbish from the sidewalks, streets and gutters in front of the premises occupied by them; to require and compel the owners of property to fill up, grade, gravel and otherwise improve the sidewalks in front of and adjoining their property.

Plaintiff read in evidence ordinances of the city requiring Pacific avenue and other streets mentioned to have sidewalks ten feet wide; also ordinance to punish persons for obstructing streets, or in any way to interfere with any street, or its free and unobstructed use. Pacific avenue is, by the ordinances, a recognized street of the city

The court instructed the jury that it plaintiff received his injuries in the manner stated in his petition; if the sidewalk was in a dangerous condition by reason of the ditch, and that the ditch or sidewalk was constructed by defendant, and if prior to the time plaintiff was injured defendant had notice of the dangerous condition of the sidewalk or ditch, and plaintiff was guilty of no negligence on his part contributing to his injuries, to find for plaintiff actual damages. But if the sidewalk was not in a dangerous condition for ordinary travel to find for defendant; also that, if there was no evidence that defendant constructed the sidewalk or ditch, and no evidence that defendant took charge of them, to find for defendant, and if there was no evidence that before plaintiff was injured defendant

had notice of the condition of the sidewalk or ditch, to find for defendant. Verdict and judgment for defendant, and plaintiff appealed.

*U. F. Short* and *N. G. Turney*, for appellant: 1. A municipal corporation is responsible in damages to a party who, without negligence, receives personal injuries from falling into a dangerous ditch, negligently permitted to remain on its streets and sidewalks when it is created and charged with the supervision and control of its streets, sidewalks, etc., under and by a special charter, etc. (City of Galveston v. G. Posnainsky, 62 Texas, 118; City of Galveston v. J. M. Barbour et al., 62 Texas, 172; Evanstown v. Gunn, 99 United States, 660.)

2. Appellee is a municipal corporation under a special charter and voluntarily assumed the care, management and control of its streets, sidewalks, etc., exclusively, and its duty is to maintain the same in reasonable repair for ordinary use.

3. It is per se negligence for a specially chartered municipal corporation to leave such ditch without hand rail or guard in an unlighted part of the city with such precipitous sides contiguous to its sidewalks and streets. (7 Gray, 338; Evanstown v. Gunn, 99 United States, 660; Puffer v. Orange, 122 Massachusetts, 389; 10 Rhode Island, 304; 38 Wisconsin, 449; 2 Thomp. Neg., 771, 772, 773.)

To render a municipal corporation liable in damages for injuries caused by defective physical structures under the corportion's control, of an open, conspicuous character, of long standing, actual notice is not necessary, but is conclusivly presumed. (Rockwell v. Third Av. Ry. Co., 64 Barb., 438; 53 N. Y., 625; 53 Mo., 290, Bond v. St. Joe; Schwerckberdt v. St. Louis, 2 Mo. App., 571; Dohunty v. Wilthom, 4 Gray, 596; Harper v. Milwaukee, 30 Wis., 365; Pridaux v. Mineral Point, 43 Wis., 513; s. c., 6 Cent. L. J., 428; 2 Thomp. Neg., p. 762, note 6, and authorities there cited; Bragg v. City of Bangor, 51 Me., 532; 3 Thomp. Neg., 763.)

*W. H. Johnson*, for appellee: The court did not err in its charge to the jury. If the court in its charge had said nothing about notice at all it could not have prejudiced the plaintiff, because plaintiff's cause of action was founded not upon negligence as a basis, but upon a direct act of the city, to-wit: That the city had constructed the ditch in question. Notice is

material only in those cases where the basis of the action is negligence. A party can not allege one cause of action and recover upon another, and a very different one. The pleader is held to the allegations in his petition.

Actions of this kind are maintainable against a city in two cases only; one is where by a direct act of the city streets are made unsafe; the other is where the city through neglect permits a street to get out of repair, etc

COLLARD, JUDGE. The charge of the court assumed that the streets were public streets and highways of the city, and based the charge upon that assumption. There was no error in omitting to instruct the jury positively as to the fact. Had there been anything wanting in the general charge in this respect, it was the duty of the plaintiff to have asked a special charge covering the point. The charter of the city of Dallas is very similar in its provisions to that of the city of Galveston, which was construed by the Supreme Court in the case of The City of Galveston v. Posnainsky, reported in the sixty-second Texas Reports, page 118.

That case lays down the law of this State in relation to the liability of a municipal corporation acting under charter from the State. It is there said "that when such a corporation accepts a charter, giving defined powers, the law imposes the duty of faithfully exercising them, and gives an action for misfeasance or neglect in this respect to any person who may be injured by such failure of duty." The law was exhaustively considered and the conclusion of the court supported by numerous authorities and decisions, and there can be no occasion to add a word to what has been said upon the subject.

The court instructed the jury to return a verdict for the defendant unless they found from the evidence that it constructed the sidewalk and the ditch.

This was error. By its charter the city was given control of its streets, sidewalks, sewers and all things usually appertaining to city supervision. Its ordinances recognized Pacific avenue as a street as well as the streets intersecting it. Under such circumstances it could not avoid responsibility for the neglected condition of the street, its sidewalks and drainage, whether it constructed them or not. If the sidewalk and sewer were dangerous to the traveling public, and remained so, the corporation was bound to change and repair them, and if it

neglected to do so, it would be answerable in damages to persons injured by such neglect under qualifications as to notice hereafter considered.

The court also told the jury that plaintiff could not recover unless it had notice of the defective and dangerous condition of the sidewalk and ditch. This charge, given without qualification as it was, was erroneous. Had the circumstances of the case required notice, and had the charge informed the jury that defendant must have had actual or constructive notice, and explained what was meant by constructive notice, the instruction would have been correct. If the corporation, by the exercise of ordinary diligence would have discovered the defect in time to have made the needed repairs before the injury, it would be affected with the consequences of notice—it would be held to have had constructive notice. (Barnes v. Newton, 46 Iowa, 567; Cleveland v. St. Paul, 18 Minn., 279; Lindholm v. St. Paul, 19 Minn., 243.)

Had the city itself constructed the sidewalk and ditch no notice of a visible defect, either actual or constructive, would have been necessary. (Rockwell v. Third Avenue R. R. Co., 64 Bar., 438.) The jury may infer notice (constructive) from the existence of other established facts. (Lindholm v. St. Paul, supra, Reed v. Northfield, 13 Pick., 94; Hume v. New York, 47 New York, 639; McLaughlin v. Corry, 77 Pennsylvania, 109; Goodno v. Oshkosh, 28 Wisconsin, 300; Springfield v. Doyle, 76 Illinois, 202.) But the question of notice must be left to the jury in all cases, whether, it be actual or constructive.

What facts would be sufficient to put the corporation upon inquiry would depend upon a variety of conditions, the length of time the defect had existed, its notoriety, the frequency of travel over it and the character of the defect itself. Such facts would be admissible in evidence, to be considered and weighed by the jury. The existence of a dangerous sidewalk or street would not in any case of itself justify a legal presumption that it was known to the city authorities except where it is visible, and where the city had itself constructed the sidewalk and made the excavation or obstruction. The act of a wrong doer rendering usual travel dangerous, without knowledge, actual or constructive, on the part of corporate officers, would not create a liability on the part of the city.

We offer no opinion upon the question of the sufficiency of

plaintiff's evidence to show any defect in the sidewalk or ditch that would render the way dangerous to travel by night even on an unlighted street. We have intended merely to indicate the law that would govern the case if the dangerous defect should be established by sufficient proof.

Our conclusion is that there was error in the charge of the court for which the case ought to be reversed and remanded for a new trial.

*Reversed and remanded.*

Opinion adopted April 24, 1888.

STAYTON,
*Chief Justice.*