THE CITY OF AUSTIN V. A. R. RITZ.

No. 6040.

72  391
73  596
72  391
77  181

1. **Municipal Corporation—Damages—Pleading.**—A municipal corporation is not liable for injuries caused by defective streets, sidewalks, or crossings unless it has actual or constructive notice of the defect. The question of notice, either actual or constructive, is for the jury to determine from the facts of the particular case. In a suit for damages caused by defective streets, sidewalks, or crossings notice to the city of such defects should ordinarily be alleged, yet the necessity for such allegation is obviated by an allegation that the city negligently constructed such public work so as to render it dangerous and unfit for safe travel.

2. **Same.**—If a recovery of damages against a city for personal injury caused by a defective ditch is sought on the ground that the city permitted the ditch to become out of repair by washing, widening, and deepening the same to a dangerous depth so as to render the crossing unsafe and hazardous, notice to the city of the condition of the ditch should be alleged.

3. **Same.**—In a suit to recover damages for personal injuries, what the plaintiff's time was worth to his family during the period when he was rendered unable to work is not a measure of damages.

4. **Res Gestæ.**—In a suit to recover damages for personal injuries, the declarations

of a third party who was present when the injury was inflicted, and which were made immediately afterward, are not admissible as part of the *res gestæ,* but are subject to the rule which excludes hearsay declarations.

5. **Negligence.**—One in driving a vehicle along a public street must use such care as ordinary prudence and intelligence should suggest, but it can not be said as a matter of law that he must drive on the part of the street which is usually used and traveled, for that portion of the street might be in fact the most dangerous. Whether in deviating from the usually traveled track on the street the party injured and complaining used ordinary prudence and judgment is a question of fact for the jury.

6. **Cases Cited.**—Kelly v. Fond Du Lac, 31 Wis., 186; Ramsey v. Gravel Road Co., 81 Ind., 394; and The City of Scranton v. Hill, 102 Pa., 378, cited and approved.

7. **Contributory Negligence.**—See opinion for a charge held correct which gave the law of contributory negligence as applicable to one complaining of personal injuries caused by the alleged defect in the condition of a public street.

8. **Cities and Towns.**—The doctrine that a municipal government is responsible in damages for injuries caused by a street within its control which it has neglected so as to render it unfit for safe travel, limited so as to apply only to open public streets which are used by the public. A street becomes a public street by habitual use, and the city is responsible for its condition if it acquiesces in such habitual use. If personal injury results from its neglected condition the want of funds to repair it would be a matter of defense in a suit for damages for personal injuries.

9. **Negligence—Evidence.**—When in a suit for damages against a city for personal injuries to plaintiff caused in his effort to cross in a vehicle a dangerous place on a public street the contributory negligence of plaintiff was relied on as a defense, it was admissible for the plaintiff to prove his defective vision—that he was short sighted and wore spectacles.

APPEAL from Travis. Tried below before Hon. A. S. Walker.

This suit was brought by the appellee against the appellant, the City of Austin, in the District Court of Travis County on the 20th day of July, 1885, to recover damages for personal injuries alleged to have been sustained by plaintiff by being overturned while attempting to drive his spring wagon across a ditch or drain at the intersection of Mesquite and Trinity Streets, in the city of Austin, on the 6th day of December, 1884. Plaintiff claimed damages in the sum of $30,000. The petition alleges that the ditch or drain in question was "made, excavated, cut, and dug by the defendant, the City of Austin, along the south side of Mesquite Street, contiguous to the sidewalk thereof and crossing Trinity Street at the point of its intersection with Mesquite Street; that said ditch was so carelessly, defectively, and negligently constructed, excavated, and dug that Mesquite Street at the crossing of Trinity Street on the south side of Mesquite Street was rendered dangerous, unsafe, and extremely hazardous for travel, especially for persons traveling along said street in wheeled vehicles; that in addition to its negligence in the defective construction of said ditch the defendant negligently and carelessly suffered and permitted said ditch to wash out, deepen, and widen by the action of water flowing through and along the same; that said ditch was in a dangerous condition at the time plaintiff undertook to cross it, and that he was injured by reason of said negligence on the part of the defendant and

without fault on his own part; that Trinity and Mesquite Streets were public thoroughfares and had been used as such by the public for a long time prior to the date of the injury complained of, and that it was the duty of defendant to keep the same in repair," etc.

*Geo. F. Pendexter,* for appellant. — 1.   A municipal corporation is not liable for failing to keep its streets in repair unless made so by statute. City of Navasota v. Pierce, 46 Texas, 526.

2.   The defendant was not liable for the injuries sustained by plaintiff unless defendant had notice of the dangerous condition of Mesquite Street.   Dillon on Mun. Corp., vol. 2, sec. 1024; Higert v. Greencastle, 43 Ind., 574; Bancher v. New Haven, 40 Conn., 456; Moore v. Minneapolis, 19 Minn., 300; Market v. St. Louis, 56 Mo., 189; Atlanta v. Perdue, 53 Ga., 607; Chicago v. Mc————, 75 Ill., 602; Chicago v. Langlon, 66 Ill., 361; Chicago v. Crooker, 2 Ill. App., 279; Warren v. Wright, 3 Ill. App., 602; Studley v. Oshkosh, 45 Wis., 380; Hayes v. New York, 74 N. Y., 264.

3.   The plaintiff was not entitled to recover damages from defendant for injuries sustained in attempting to cross the ditch in question if he saw it and was aware of its condition or could have ascertained its condition by the use of ordinary care.   Fox v. Glastenbury, 29 Conn., 204; Folson v. Underhill, 36 Vt., 580; Wilson v. Charleston, 8 Allen, 137; Jacobs v. Bangor, 16 Me., 187; Hanlon v. Keokuk, 7 Ia., 477; Brown v. Jefferson, 16 Ia., 339; Smith v. Lowell, 6 Allen, 39; James v. San Francisco, 6 Cal., 528; Gribble v. Sioux City, 38 Ia., 390.

4.   The plaintiff was not entitled to recover as damages the value of his time to his family.   Sutherland on Damages, vol. 3, 259 and authorities there cited; Wood's Railway Law, vol. 2, and authorities cited.

5.   The statements of Hoxhausen, made to Mrs. Brackenridge in the presence and hearing of Miss McLean, were voluntary and spontaneous declarations.   They tended to explain the conduct of the plaintiff at the time of the accident and the cause of the accident, and were made at a time so near the occurrence of the accident as to preclude the idea of deliberate design.   McGowen v. McGowen, 52 Texas, 664; City of Galveston v. Barbour, 62 Texas, 176; Entwhistle v. Feighner, 60 Mo., 215; Elkins, Bly & Co. v. McKean, 79 Pa. St., 501; Hort's Admr. v. Powell, 18 Ga., 639; Commonwealth v. McPike, 3 Cush. (Mass.), 181; Abbott's Trial Ev., p. 597.

6.   In the absence of an averment in the petition that defendant had notice of the dangerous condition of the ditch in which plaintiff was injured, it was error to admit evidence to establish notice on part of defendant.   On the necessity of notice by the defendant of the dangerous condition of the ditch, see City of Galveston v. Barbour, 62 Texas, 176.   As to error in admitting evidence in the absence of averment of

notice, see Mims v. Mitchell, 1 Texas, 443; Coles v. Kelsey, 2 Texas, 541; Grenn v. Lubbock, 5 Texas, 535; Wood v. Jones, 35 Texas, 64; Loonie v. Frank, 51 Texas, 406; P. E. Co. v. Darnell, 62 Texas, 639; Gillies v. Wofford, 26 Texas, 76; Lemmon v. Hanley, 28 Texas, 219.

7. The statements of Hoxhausen, made to Martha J. Brackenridge in the presence and hearing of Isabella Brackenridge, were voluntary and spontaneous declarations explanatory of plaintiff's conduct at the time of the accident, and were made the first time he spoke of the matter and so soon after its occurrence as to preclude the idea that they were fabricated. Addison on Torts, vol. 2, sec. 1375, and authorities there cited.

8. In the absence of an averment to that effect it was error in the court to admit evidence that plaintiff was near sighted, as such evidence tended to excuse acts which, unexplained, would have shown contributory negligence on his part.

9. The first charge asked by the defendant embraced the law applicable to the facts of the case, and should have been given by the court, viz.: "A person traveling on a public highway, where a part of such highway is worked and traveled and a part thereof is not worked or traveled, is bound to keep upon the worked or traveled part of such highway if the same is in proper condition for travel; and if he goes out of such traveled way, either within the limits of the highway or beyond such limits, and injuries result, then he can not recover damages for such injuries." Beach on Contributory Neg., sec. 79 and authorities cited; Dillon on Mun. Corp., vol. 2, sec. 1016; Bassett v. St. Joseph, 53 Mo., 290; Brown v. Glasgow, 57 Mo., 157; Craig v. Sedalia, 63 Mo., 417.

10. The second instruction asked by defendant and refused by the court correctly stated the rule of law applicable to the facts of this case, viz.: "If you believe from the evidence that the plaintiff saw the drain or ditch before he attempted to cross the same, or if you find that by the exercise of ordinary care and prudence he might have seen the same, the law would charge him with notice of the condition of the drain or ditch and would require of him in crossing the same that degree of prudence, care, and caution which a person of ordinary reason and intelligence would use under like circumstances. If the injury might have been avoided by the exercise on the part of the plaintiff of such ordinary prudence, care, and caution in crossing said ditch or drain, then he can not recover for such injuries," etc. Beach on Con. Neg., sec. 7; City of Erie v. Magill, 101 Pa. St., 616; Shoefler v. Sandusky, 33 Ohio St., 246 (31 Am. Rep., 533); City of Centralia v. Krause, 64 Ill., 19; Durkin v. Troy, 61 Barb., 437; Parkhill v. Brighton, 61 Iowa, 103.

11. The court erred in refusing to give in charge to the jury instruction No. 6 asked by defendant, which is as follows: "The opening and widening of streets is a matter of discretion in the city government. If you find from the evidence that the City of Austin had not opened up

Trinity Street south of Mesquite Street as a public highway for travel in said city, then the defendant would not be guilty of negligence in permitting a ditch or drain to form on said street by the natural flow of surface water or by other natural causes. The city would not become responsible for the condition of the street as a highway for travel until it had opened up and undertaken to put the same in condition for travel and the use of the public as a travelway; and the fact that such street is named in the ordinances as a street of the city would not vary this rule." Thomp. on Neg., vol. 2, p. 732; Hughes v. Baltimore, Taney's Dec., 243; McDonough v. Virginia City, 6 Nev., 90; Aurora v. Pulfer, 56 Ill., 270; Chicago v. Martin, 49 Ill., 241; Hines v. Lockport, 50 N. Y., 236; Joliet v. Verley, 35 Ill., 58; Lindholm v. St. Paul, 19 Minn., 245; Henderson v. Sandifer, 11 Bur., 550.

*Dudley G. Wooten,* for appellee.— 1. A municipal corporation which by its charter is invested with exclusive control and power over its streets and highways is liable for damages resulting from a failure to keep the same in a safe condition for travel, whether such liability is imposed by statute or not. Charter of City of Austin (act of April 5, 1873), art. 6, sec. 1, paragraphs 8 and 9, and art. 7, sec. 1; City of Galveston v. Posnainsky, 63 Texas, 118 (overruling Pierce v. City of Navasota, 46 Texas, 527); Barnes v. District of Columbia, 91 U. S., 540, 551; Wharton's Law of Neg., sec. 959; Shearm. & Redf. on Neg., 3 ed., secs. 139, 344; 2 Thomp. on Neg., 753; Smith on Neg., Whitaker's 1 Am. ed., 110, note; 4 Wait's Act. and Def., 634, 635; 2 Dillon on Mun. Corp., secs. 1017, 1018; Grand Rapids v. Wyman, 46 Mich., 516; City of Boulder v. Niles, 12 Pac. Rep., 632.

2. The appellant (defendant below) was liable for the injuries to plaintiff under the allegations of the petition, and the exceptions were properly overruled. If the defect alleged has existed in a public street for a sufficient length of time to impart notice to a city whose duty it is to exercise reasonable diligence in detecting and repairing such defects and dangers to safe travel, actual notice need not be pleaded nor proven. Notice to defendant is presumed from the existence of the defect for a sufficient lapse of time previously, and the petition contained allegations of such long continued want of repair and dangerous condition of the place in question as imparted notice to the city without the necessity of pleading actual knowledge on the part of the corporation or its officials. 2 Dill. on Mun. Corp., sec. 1009 and cases cited, and sec. 1025; Abbott's Trial Ev., 591; 4 Wait's Act. and Def., 636, 637, and cases cited; Mayor of Atlanta v. Perdue, 53 Ga., 607; Todd v. City of Troy, 61 N. Y., 506; Kinney v. City of Troy, 38 Hun (N. Y.), 285; Muller v. Newburg, 32 Hun, 24; Evansville v. Miller, 86 Ind., 414; Montgomery v. Wright, 72 Ala., 411; Saulsbury v. Ithica, 94 N. Y., 27; Chicago v. Hoy,

75 Ill., 530; Rosenburg v. Des Moines, 41 Iowa, 415; Cusick v. Norwich, 40 Conn., 375; Gude v. Mankato, 30 Minn., 256 (Am. Rep., 98); Sherman v. West. Trans. Co., 62 Barb., 150; Bonine v. Richmond, 75 Mo., 437; Aurora v. Hillman, 90 Ill., 61; Smid v. New York, 49 N. Y. Sup. Ct., 126; City of Boulder v. Niles, 12 Pac. Rep., 632; Woodbury v. City of Owasso, 31 N. W. Rep., 733; Fulton Iron and Engine Works v. Town of Kimball, 52 Mich., 146.

3. The fact that plaintiff (appellee) saw the ditch, and was even aware of its full peril and the danger attendant upon an attempt to cross it, does not bar his right to recover if under all the circumstances and surroundings he acted with reasonable care and prudence. He was not deprived of the use of the street and crossing because it was out of repair, though he may have known it, and the fact of his using it after learning of such defect does not, as a matter of law, establish contributory negligence on his part so as to bar a recovery for injuries sustained. Whether he should absolutely refrain from attempting to cross, or is justified in making the attempt, using due care and prudence, is a question for the jury to be determined from all the circumstances. The exception to the petition on this ground was properly overruled. T. & N. O. R. R. Co. v. Crowder, 63 Texas, 504; D. & W. Ry. Co. v. Spicker, 61 Texas, 429; Railway Co. v. Gladmon, 15 Wall., 401; 2 Dill. on Mun. Corp., secs. 1020, note, 1026; Whitaker's Smith on Neg., p. 22 and cases cited, and pp. 373, 374, and 387 and notes; Wharton's Law of Neg., secs. 425, 301; 2 Thomp. on Neg., pp. 1235, 1149, 1151; Cooley on Torts, 669; Railroad Co. v. Stout, 17 Wall., 657; Railroad Co. v. Horst, 93 U. S., 291; Bullock v. City of New York, 2 N. E. Rep., 1; Hartman v. City of Muscatine, 30 N. W. Rep., 859; Lyman v. County of Hampshire, 140 Mass., 311; McKeigue v. City of Janesville, 31 N. W. Rep., 298; McKenzie v. City of Northfield, 30 Minn., 456; Commissioners v. Brown, 89 Ind., 48; Commissioners v. Burgess, 61 Md., 29; City of Altoona v. Lotz, 7 Atl. Rep., 240; Larrabee v. Small, 66 Me., 376; S. W. Ry. Co. v. Paulks, 24 Ga., 356.

4. The statements of Hoxhausen made to the witness Miss McLean, descriptive of how the accident occurred, narrated to her on the way down town after the accident had transpired, were not admissible as part of the *res gestæ*. Abbott's Trial Ev., 44, 588, 589, and cases cited.

5. A person traveling on a public street, in the absence of notice or warning to the contrary, has a right to consider whatever portion of it appears to be open and used as designed for public travel. If the negligence of defendant places plaintiff in a position of peril, and acting under the sudden impulse of the moment the plaintiff attempts to escape from it and in doing so incurs danger which he might otherwise have avoided, or if he deviates from the traveled highway to guard against the emergency created by defendant's negligence or to avoid a danger caused by

defendant's neglect, the city is liable for injuries sustained thereby, provided under all the circumstances plaintiff acted with ordinary care and prudence.　Whitaker's Smith on Neg., 27, 28, 32, 392, notes and cases cited; 2 Thomp. on Neg., 1084; Lowrey v. Manhattan Ry. Co., 99 N. Y., 158; Forney v. Goldmacher, 75 Mo., 113; S. C., Am. Rep., 388; Billman v. Indianapolis R. R. Co., 32 N. W. Rep., 18, 19; Coulter v. Am. Merch. Union Ex. Co., 5 Lans. (N. Y.), 67; S. C., 56 N. Y., 585; S. W. Ry. Co. v. Paulks, 24 Ga., 356; Larrabee v. Sewall, 66 Me., 376; Collins v. Dorchester, 6 Cush., 396; City of Crawfordsville v. Smith, 79 Ind., 308; S. C., 41 Am. Rep., 612; City of Atlanta v. Wilson, 59 Ga.; S. C., 27 Am. Rep., 396; Smith v. St. Paul, etc., Ry. Co., 30 Minn., 169; Pa. R. R. Co. v. Werner, 89 Pa. St., 59; R. R. Co. v. Mowery, 36 Ohio St., 418; S. C., 38 Am. Rep., 597; Collins v. Decker, 20 Hun, 173.　As to deviation from highways, see especially Joyner v. Great Barrington, 118 Mass., 463; Ramsey v. Rushville, 8 Ind., 394; Whart. Law of Neg., sec. 968 and cases cited.

6.　The plaintiff was not chargeable with notice of the condition of the ditch even if he discovered its existence; and not having seen the ditch until it was too late to avoid it he could not be chargeable with want of proper care in selecting between the choice of evils which defendant's negligence had imposed upon him and required a hurried action on his part to meet the emergency.　Norvell v. Phillips, 46 Texas, 162; Gray v. Burk, 19 Texas, 228; Hicks v. Bailey, 16 Texas, 229; Galbreath v. Atkinson, 15 Texas, 21; Schultz v. State, 13 Texas, 401; Gladmon v. Railway Co., 15 Wall., 401; Railway Co. v. Horst, 93 U. S., 291; Abbott's Trial Ev., p. 584 and cases cited; Whart. on Neg., sec. 425; 2 Dill. on Mun. Corp., sec. 1026; Knapp v. Sioux City & P. R. R. Co., 32 N. W. Rep., 18 and 19; City of Altoona v. Lotz, 7 Atl. Rep., 240; Hartman v. City of Muscatine, 30 N. W. Rep., 859; Lyman v. County of Hampshire, 140 Mass., 311; McKeigue v. City of Janesville, 31 N. W. Rep., 298; McKenzie v. City of Northfield, 30 Minn., 456; Commissioners v. Brown, 89 Ind., 48; Lowrey v. Manhattan Ry. Co., 99 N. Y., 158; Gunez v. Chicago Ry. Co., 52 Wis., 672; Siegrist v. Arnot, 10 Mo. Ct. App., 197; Cuyler v. Dicker, 20 Hun (N. Y.), 177.　See especially Whart. Law of Neg., sec. 304; Whitaker's Smith on Neg., pp. 27, 28, 32, 392 and notes; 2 Dill. on Mun. Corp., 1020 and notes; Beach on Con. Neg., p. 44 and cases cited.

7.　The court did not err in refusing the instruction No. 6 asked by defendant.　When a city establishes, lays out, and dedicates a public street, or accepts a dedication previously made, and for a long series of years treats it as a public highway, takes charge of it as such, names and designates it by public ordinance as one of the streets of the city, and works and improves it throughout the greater part of its length and extension, it is chargeable with the same duties as though it were legally

laid out and formally accepted and opened up, and the city is liable for damages by reason of neglect to keep the same in safe condition for travel. It is not necessary that there should be a formal acceptance and opening of the street, and it matters not that the same has never been graded or worked throughout its full length and width, but remains in a state of nature. The city under such circumstances is estopped to claim that it is not a legal highway and it is affected with the knowledge and acts of its officers and agents. Acts of Cong. Repub. of Texas, 1839, 36–40; Id., 1840, 212; Rev. Civil Code of City of Austin, arts. 351, 352; 2 Dill. on Mun. Corp., 1009 and cases cited; Id., 642 and cases cited in note 2; Whart. on Law of Neg., sec. 975; Collins v. Dorchester, 6 Cush., 396; Phelps v. City of Mankato, 23 Minn., 276; State v. Town of Cumberland, 6 R. I., 496; Hampton v. Taylor, 8 Atl.' Rep., 332, 333; Brennan v. City of St. Louis, 2 S. W. Rep., 481; Lafayette v. Weaver, 92 Ind., 477.

8. The definition of ordinary care as contained in the charge of the court as to the degree of care required by the law of the defendant, though not in the exact language used by many authorities, was plain and intelligible and perfectly explained to the jury all that the law intended to be meant by "ordinary care." The terms used by the court are sanctioned by good authority, and taken in connection with the rest of the charge and the facts of the case as disclosed by the testimony could not have misled the jury or prejudiced defendant's rights. Whart. Law of Neg., secs. 26–9 and 31–9 inclusive, also 41, 44, and note 2; Pierce on Railroads, 310 and note 1; 2 Dill. on Mun. Corp., sec. 1020 and note; Shearm. & Redf. on Neg., sec. 20; Whitaker's Smith on Neg., 23; R. R. Co. v. Jones, 95 U. S. (5 Otto), 439; N. Y. Cent. R. R. Co. v. Lockwood, 17 Wall., 357; Blyth v. Birmingham Water Works Co., 11 Exch., 781, 784; Richardson v. Kier, 34 Cal., 63; Ernst v. H. R. R. R. Co., 35 N. Y. (8 Tiff.), 9, 37; Cayser v. Taylor, 10 Gray, 274; Toledo, etc., R. R. Co. v. Goddard, 25 Ind., 185; Philadelphia, etc., R. R. Co. v. Kerr, 25 Md., 521; Bizzell v. Booker, 16 Ark., 308; Grant v. Mosely, 29 Ala., 302; Mowrey v. Cent. City Ry., 66 Barb., 43.

9. Practically negligence is the want or absence of the care or attention required by all the circumstances of each particular case, and in each case, whatever epithet we give it, it is failure to bestow the care and skill which the situation demands. It is not absolute nor intrinsic, but is relative to some circumstances of time, place, or person. Whart. Law of Neg., secs. 26–29, 31–39, 41, 44, note 2; Campb. on Neg., sec. 11; Whitaker's Smith on Neg., 23; Pierce on Railroads, 301; B. & P. R. R. Co. v. Jones, 95 U. S., 439, 441; Richardson v. Kier, 34 Cal., 63; Ernst v. Hudson River R. R. Co., 35 N. Y. (8 Tiff.), 9, 37; Cayser v. Taylor, 10 Gray, 274.

*John Dowell,* also for appellee.

COLLARD, JUDGE.—This suit was brought by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained by plaintiff by being overturned while attempting to drive his spring wagon across a ditch at the intersection of Trinity and Mesquite Streets in the city of Austin.

Defendant excepted to the sufficiency of the petition because it was not alleged that the city had actual notice of the defective condition of the crossing, nor such facts as would amount to constructive notice of the same. The court overruled the exceptions and defendant has assigned the ruling as error.

It is settled by numerous authorities that a municipal corporation can not be held liable for injuries caused by defective streets, sidewalks, crossings, etc., unless it has actual or constructive notice of the defect. Klein v. City of Dallas, 71 Texas, 280. In the note to the above case in 8 Southwestern Reporter, 92, a safe rule is given as to constructive notice as follows: "If a state of facts exists such that ignorance can only arise from a failure to exercise reasonable official care, notice may be inferred by the jury."

Notice actual or constructive must be left to the jury. They must determine the question as a fact from all the circumstances. "What facts would be sufficient" to affect the corporation with the consequences of notice, that is what facts would amount to constructive notice, "would depend upon a variety of circumstances; the length of time the defect had existed, its notoriety, the frequency of travel over it, and the character of the defect itself." Klein v. City of Dallas, *supra.*

It is an elementary rule of pleading in this State that every material fact necessary to constitute the cause of action must be alleged; if not alleged it can not become a basis of recovery. Gray v. Osborne, 24 Texas, 158; Sneed v. Moodie, Id., 159.

It is alleged that the city negligently and improperly dug and excavated the ditch or drain so as to render the crossing dangerous and unfit for safe travel. This allegation is sufficient without an allegation of notice, because where a corporation makes a dangerous crossing no notice of it is necessary to be proved. The defendant could have limited the investigation to the above allegation.

The petition did not risk the case upon the one allegation charging the city with making the dangerous crossing. It proceeded to allege that in addition to the excavation of the ditch defendant permitted the same to become out of repair by washing, widening, and deepening to a dangerous width and depth so as to render the crossing exceedingly unsafe and hazardous. Notice of the facts stated in this averment should have been alleged. It was relied on for a recovery. After the evidence was offered on the trial it was by no means evident that the city dug the ditch, and the foregoing allegation that the city permitted the ditch to become and

remain dangerous to travel was of great importance, independent of other allegations. The assignment of error should be sustained only as to the latter allegations.

It is claimed that there was error in allowing plaintiff to read in evidence the answer of plaintiff to an interrogatory, as follows, "My time was worth to my family at least $125 per month," because the answer was inadmissible in estimating the damages. We agree with appellant. The answer was inadmissible. The jury estimated plaintiff's damages for loss of time while sick and disabled at $1500. What his time was worth *to his family* was not the question. The actual value of the time lost was the real issue on this branch of the case.

Mrs. Brackenridge and Miss McLean were sitting in a buggy looking on at the drive plaintiff was attempting to make across the ditch. After the plaintiff's wagon turned over Mrs. Brackenridge threw the reins to Miss McLean and went to the assistance of plaintiff. A Mr. Hoxhausen was with plaintiff in his wagon at the time of the accident. After rendering such assistance to plaintiff as she could Mrs. Brackenridge returned to her buggy, Hoxhausen accompanying her, when they drove down the Avenue to a drug store. On the way to the drug store Hoxhausen stated that "when he and plaintiff reached the ditch he asked Mr. Ritz if he thought he could drive over it, and Mr. Ritz replied that he thought he could." Defendant offered to prove this statement of Hoxhausen by Miss McLean.

Hoxhausen also stated to Mrs. Brackenridge on the drive to the drug store that "he did all he could to keep Mr. Ritz from attempting to drive across the ditch, but he insisted upon doing it." These statements were objected to by plaintiff; the appellant insisted that they were admissible as *res gestæ*. The court sustained the objection. We think the ruling was correct. The statements were but a narrative of what occurred, not a part of the occurrence nor contemporaneous with it. The main fact was past. Hoxhausen's declarations as to what was said and done by him and Ritz were hearsay and inadmissible. 1 Greenl. Ev., sec. 110.

Defendant asked the court to charge the jury as follows: "A person traveling on a public highway where a part of such highway is worked and traveled and a part thereof is not worked or traveled, is bound to keep upon the worked or traveled part of such highway if the same is in proper condition for travel; and if he goes out of such traveled way, either within the limits of the highway or beyond such limits, and injuries result, then he can not recover for such injuries." The court refused the charge; appellant says the ruling was error.

If a person is injured while voluntarily and without necessity traveling outside the limits of a public street the city would not be liable, but we can not say he would be required in all cases to drive on the worked

or traveled part of the street; such part of the street might be the worst part of it, and more dangerous than the untraveled or unworked portion of it. We think the rule requiring the driver to use care in driving such as a person of ordinary intelligence and prudence would use under like circumstances is sufficient. A rule requiring the driver always to keep to the worked or traveled portion of the street would be not only too strict, but it would often conflict with his duty to use proper care for his own safety and convenience.

If there is no necessity to turn from the traveled track and it is in good condition and a traveler voluntarily deviates from it and receives an injury the city would not be liable; but if the traveled track is dangerous and in the exercise of proper care he turns and takes another part of the highway and receives an injury he would be entitled to recover. The jury must determine under all the circumstances whether the traveler in deviating from the usual path of travel and selecting another on the street was using reasonable and necessary care. Kelly v. Town of Fond du Lac, 31 Wis., 186.

It is said that " ordinary care would prevent a traveler in deviating from a highway to avoid an obstruction from driving upon ground so sideling as to appear dangerous to a prudent man." Ramsey v. Gravel Road Co., 81 Ind., 394; City of Scranton v. Hill, 102 Pa., 378. There might be circumstances when a traveler would be justified in leaving the highway entirely to avoid a dangerous way, as for example when there is a broken or dangerous bridge. Joyner v. Great Barrington, 118 Mass., 463. As said before these are questions for the jury under appropriate instructions.

The following instructions asked by defendant and refused by the court present the law of contributory negligence as we understand it: "If you find from the evidence that the plaintiff drove up to the ditch on Trinity Street, and that he saw or could by the exercise of ordinary care and prudence have seen the same, and that he could then have turned back and proceeded upon another route, or that he could have driven safely directly across the ditch, and instead of turning back or driving directly across he turned to the right and attempted to cross in a diagonal course and his vehicle was turned over by the ditch and he disabled, then before you can find for plaintiff you must find from the evidence that he acted with ordinary prudence and care and that he was guilty of no contributory negligence." And the following: "If you find that the ditch was dangerous, that defendant had been guilty of negligence in permitting it to become and remain in such condition, still if you find that plaintiff was guilty of negligence in the manner in which he attempted to cross, and that his negligence contributed to the accident, and that the accident would not have occurred if plaintiff had exercised reasonable care, the plaintiff can not recover." These instructions, with instructions

as to the meaning of reasonable care and contributory negligence, would have given the jury the law of this branch of the case.

The general charge of the court in relation to the duties of plaintiff is subject to criticism. The plaintiff was required by the charge to have used "such care in driving and crossing the ditch as an ordinary business man would use in like circumstances;" and again, "if plaintiff failed to use such care for his own protection and safety in driving and selecting a place of crossing the ditch as an ordinary man would use under like circumstances," etc. Plaintiff was required to use ordinary care, such as a person of ordinary intelligence and prudence would have used under like circumstances, not such as an ordinary business man or an ordinary man would have used.

Appellant assigns as error the refusal of the court to give the following requested charge: "The opening and widening of streets is a matter of discretion in the city government. If you find that the city of Austin had not opened up Trinity Street south of Mesquite Street as a public highway for travel in said city, then defendant would not be guilty of negligence in permitting a ditch or drain to form on said street by the natural flow of surface water or by other natural causes. The city would not become responsible for the condition of the street as a highway for travel until it had opened up and undertaken to put the same in condition for travel as a highway, and the fact that such street is named in the ordinances as a street of the city would not vary this rule." There was evidence from which the jury might have found either way on the question as to whether Trinity Street, on which the injury to plaintiff occurred, had been worked or opened as a public highway for travel by authority of the city.

The question raised by the foregoing assignment has not been determined by the courts of last resort in this State. It was said in the case of The City of Galveston v. Posnainsky, 62 Texas, 118, that "when a municipal corporation accepts a charter giving defined powers the law imposes upon it the duty of faithfully exercising them, and gives an action for misfeasance or neglect in this respect to any person who may be injured by such failure of duty."

In the case of Klein v. City of Dallas, 71 Texas, 280, it was held that where the charter of a city gave it control of the streets, sidewalks, sewers, etc., and its ordinances recognized a particular street as within the control of the city, it could not avoid responsibility for a neglected condition of the street so recognized.

In both the foregoing cases the streets and sidewalks in question were open, public streets, in use by the public and so recognized by the corporation. The doctrine announced was applicable only and was only intended to apply to such streets. It would not be held that every street in a city recognized in its charter and ordinances would have to be worked

and kept in repair. A remote street seldom used would be as expensive to open and keep in repair as the important and needed thoroughfares. The opening of streets and the grading of unworked and unfrequented streets to which public travel has not been invited is a matter of legislative discretion with the board of officers whose duty it is to regulate such expenditures and see to the necessities and wants of the public. The number of streets, their locality, the character of the work to be done, the cost of the work, the amount of funds subject to the city's control for such improvements, are all matters to be considered by the board. There must of necessity be a discretion lodged with the board as to such matters.

When a street is opened and worked and offered to the public as suitable for travel the city is responsible for its being kept in repair, and if a street is commonly used by the public, that is if it becomes public by frequent use, the city acquiescing in such use would be responsible for its condition; if there are not funds to keep it in repair it is a matter of defense by proof. 2 Thomp. on Neg., p. 731, notes; City of Aurora v. Pulfer, 56 Ill., 271; Hines v. City of Lockport, 50 N. Y., 236; City of Joliet v. Varley, 35 Ill., 58; Phelps v. City of Mankato, 23 Minn., 279.

The jury were instructed by the court that "if they should find * * * an open ditch cut by the city," etc. Appellant says this charge assumes that the city cut the ditch. We do not think it does.

Plaintiff was allowed to prove over defendant's objection that plaintiff was short sighted and wore spectacles. The ruling is assigned as error. We think the evidence was admissible; it was a fact in the case. Such fact could not have required greater care on the part of defendant in performing its duties, but it would have some bearing upon the duties of plaintiff in attempting to cross. It was admissible upon the issue of contributory negligence.

Because of the errors pointed out herein we are of opinion the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 4, 1888.

Motion for new trial overruled at Galveston Term.

*John Dowell*, for appellee, filed brief and argument for the motion.