### CITY OF SHERMAN v. L. W. WILLIAMS.

#### No. 6432.

**Municipal Corporation—Damages.**—A municipal corporation is liable in damages for a personal injury which results from its defective sidewalks.

APPEAL from Grayson. Tried below before Hon. H. O. Head.
The opinion states the case.

*C. N. Buckler,* for appellant.—The court erred in refusing the first special charge asked by defendant, because the evidence showed that defendant was a municipal corporation under the general laws of the State, and hence not liable to plaintiff.

The first special charge was as follows: "It appearing from the evidence that the defendant is a municipal corporation under the general laws of this State, you are therefore charged to return a verdict for the defendant."

No brief for appellee.

HENRY, ASSOCIATE JUSTICE.— This suit was brought by appellee to recover damages for a personal injury to her occasioned by a defective sidewalk.   The plaintiff recovered a judgment for $500.

The statement of facts contained in the record was stricken out at a previous term of this court on the motion of appellee, because it was filed after the adjournment of the term at which the trial was had without an order of the court allowing it to be done.

Plaintiff's petition shows that defendant was at the date of plaintiff's injury an incorporated city under the general laws of this State.

In the absence of a statement of facts we can consider but one question made by appellant.   It is contended that the court should have charged the jury at defendant's request that defendant being a municipal corporation under the general laws of this State was not liable to plaintiff in this action.   It would have been improper to so charge.   Baugus v. Atlanta, 74 Texas, 629.

The judgment is affirmed.

*Affirmed.*

Delivered May 16, 1890.