### CITY OF FT. WORTH v. NELSON et al.
### (No. 9096.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 10, 1920. Rehearing Denied Feb. 17, 1920.)

1. **Municipal corporations ⬉819(5) — Facts constituting prima facie proof that sidewalk was public sidewalk.**

In an action for injuries on a sidewalk, where the evidence showed that the street was one of the public thoroughfares, that the city had assessed and collected taxes on the abutting lot, and that one of its duly constituted officers had fixed the grade for the pavement put down in front of a lot adjoining the abutting lot, there was prima facie proof that the walk was a public sidewalk of the city and under the supervision and control of its duly constituted officers.

2. **Municipal corporations ⬉763(1)—Must use ordinary care to maintain walks in reasonably safe condition.**

A city is under the legal duty to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for public travel.

3. **Trial ⬉260(3)—Requested instruction on burden of proof properly refused in view of instruction given.**

In an action against a city for personal injuries on sidewalk, where the jury were told that the burden was on the plaintiff to make out her case by a preponderance of the evidence, and that if she failed to discharge that burden verdict should be returned for the city, there was no reversible error in refusing to further charge that each particular fact relied on by plaintiff must be established by a preponderance of the evidence.

4. **Municipal corporations ⬉816(10)—No fatal variance between allegation and proof in action for injuries on sidewalk.**

There was no fatal variance between allegation and proof in an action against a city for personal injuries on sidewalk, in that the petition alleged that there was an elevation on the sidewalk from which plaintiff stepped

to the sidewalk and she was thereby caused to fall, whereas, according to plaintiff's testimony, she stumbled over the bump or elevation and was thereby thrown to the pavement; there being no objection to such proof on the ground of variance nor any claim of surprise or that the city was misled, and the essential element of plaintiff's petition, with reference to the sidewalk, being that it was rough and uneven and unsafe for travel.

5. **Trial ⬉260(8)—Requested instructions as to matters sufficiently presented in court's charge properly refused.**

Where the issue of contributory negligence on the part of plaintiff was sufficiently presented in the court's main charge, there was no reversible error in refusing defendant's requested instruction on the same issue.

6. **Municipal corporations ⬉763(2) — Must keep place used as public sidewalk in reasonably safe condition.**

A city is charged with the legal duty to exercise ordinary care to see to it that a place used as public sidewalks is kept in a reasonably safe condition for pedestrians, even though the city has never attempted to construct a sidewalk at such place.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Mrs. M. C. Nelson against the City of Ft. Worth and another. Judgment for plaintiff, and the named defendant appeals. Affirmed.

T. J. Powell and R. S. Phillips, both of Ft. Worth, for appellant.

Slay, Simon & Smith, of Ft. Worth, for appellee.

DUNKLIN, J. The city of Ft. Worth has appealed from a judgment rendered against it in favor of Mrs. M. C. Nelson for damages for personal injuries sustained by plaintiff resulting from a fall while walking along a sidewalk in the city at night. According to allegations in plaintiff's petition, which were sustained by proof, the alleged accident happened on the sidewalk in front of a lot owned by W. G. Prickett and which fronted on Richmond street. The sidewalk in front of a lot adjoining the Prickett lot had been paved by its owner, and in making that improvement the former sidewalk, which was higher than the abutting street, had been cut down to correspond to the grade of the street, and dirt from such excavation had been thrown upon the sidewalk in front of the Prickett lot. That accumulation of dirt, in conjunction with the natural elevation of the ground, left the sidewalk in front of the Prickett lot, which had never been improved, higher than the pavement just mentioned by some 18 inches, and while plaintiff was passing over it at night the unevenness of the sidewalk just mentioned caused her to fall and to sustain personal injuries for which she was awarded damages.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. G. Prickett, the owner of the lot, was also made a party defendant, but judgment was rendered in his favor, and from that judgment no appeal has been taken.

As a basis for recovery, it was alleged that the sidewalk was one of the public sidewalks of the city which was constantly used by pedestrians both during the night and the day, and that the city was guilty of negligence in allowing it to remain in that dangerous condition after having due notice thereof for a length of time sufficient to have caused the defects to be remedied, and the proof was sufficient to support the verdict of the jury sustaining that allegation of negligence.

[1, 2] The evidence showed conclusively that Richmond street was one of the public thoroughfares within the corporate limits of the city; that the city had assessed and collected taxes on the Prickett lot; that one of its duly constituted officers had fixed the grade for the pavement put down in front of the lot adjoining the Prickett lot. Those facts constituted prima facie proof that the sidewalk was a public sidewalk of the city and under the supervision and control of its duly constituted officers, and, as there was no proof which in any manner tended to show the contrary, there was no reversible error in the action of the trial judge in instructing the jury in effect that the sidewalk where the accident occurred was one of the public sidewalks of the city, and that the city was under the legal duty to exercise ordinary care to maintain the same in a reasonably safe condition for public travel. Klein v. City of Dallas, 71 Tex. 280, 8 S. W. 90; City of Dallas v. Moore, 32 Tex. Civ. App. 230, 74 S. W. 95; Ft. Worth City Charter, c. 5, § 1; Sp. Acts of 31st Legislature (1909), p. 249; 4 McQuillin, Municipal Corporations, §§ 1579 and 1980; 6 McQuillin, Municipal Corporations, §§ 2743 and 2744, and authorities there cited; 28 Cyc. 844; Wintz v. Morrison, 17 Tex. 388, 67 Am. Dec. 658.

[3] In the court's charge, the jury were told that the burden was on the plaintiff to make out her case by a preponderance of the evidence, and that if she had failed to discharge that burden a verdict should be returned for the city. Having given that instruction, there was no reversible error in refusing to further charge that each particular fact relied on by plaintiff must be established by a preponderance of the evidence. Many other criticisms of the court's charge are presented in appellant's brief which we deem it unnecessary to discuss in detail. We think it sufficient to say that the charge given fairly and sufficiently presented the issues to be passed on by the jury, and that the objections made thereto were in the main technical objections to the language used, which in our opinion are without any substantial merit. We say this without reference to appellee's objection to the assignment on the ground that it was multifarious and should not be considered, since it presented all of those objections in a single assignment.

[4] Complaint is made that there was a fatal variance between the allegation and proof, in that in the plaintiff's petition it was alleged that there was an elevation on the sidewalk in front of the Prickett lot from which plaintiff stepped to the pavement in front of the adjoining lot and she was thereby caused to fall; whereas, according to plaintiff's testimony, she stumbled over the bump or elevation and was thereby thrown to the pavement. Appellant did not object to such proof on the ground of variance, neither was there any claim of surprise, or that the city was misled to its injury. The essential element of plaintiff's complaint with reference to the sidewalk was that it was rough and uneven and therefore unsafe for travel, and that such unsafe condition caused her to fall. Under such circumstances, the assignment of error now under discussion is overruled. First Natl. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583.

[5] We think that the issue of contributory negligence on the part of plaintiff was sufficiently presented in the court's main charge, and therefore no reversible error was committed in refusing appellant's requested instruction on the same issue.

[6] The fact that the city had not attempted to construct a sidewalk in front of the Prickett lot, and the further fact that the lot owned by Prickett was his own private property, was no defense to plaintiff's suit, since the sidewalk was one of the public thoroughfares of the city, and the city was charged with the legal duty to exercise ordinary care to see to it that the same was kept in a reasonably safe condition for pedestrians. See Klein v. City of Dallas, supra, and other authorities cited above.

For the reasons indicated, all assignments of error are overruled, and the judgment against appellant in favor of Mrs. Nelson is affirmed. The judgment as to appellee Prickett is undisturbed.