## CITY OF WICHITA FALLS v. CRUMMER.
### No. 12956.

Court of Civil Appeals of Texas.
Fort Worth.
March 16, 1934.

Rehearing Denied April 20, 1934.

Thelbert Martin, of Wichita Falls, for appellant.

Ned McDaniel and Luther Hoffman, both of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

The city of Wichita Falls, defendant in the trial court, has appealed from a judgment in favor of plaintiff, Mrs. Nancy Crummer, for damages resulting from an injury she sustained while passing over a sidewalk in the defendant city.

The evidence shows that late in the afternoon, while returning to her home from a shopping trip in the business portion of the city, plaintiff stumbled and fell on the sidewalk within the corporate limits of the city near the crossing of Sixth street and Scott avenue, and as a result of the fall she sustained personal injuries for which damages were awarded. The evidence showed without controversy that the sidewalk at the place she fell was constructed of slabs of concrete and rock, some of which extended above the surface of the street with open spaces intervening and calculated to cause one to stumble thereon.

Following correct definitions of negligence, ordinary care, contributory negligence, and proximate cause, special issues were submitted to the jury, who, in answer thereto, re-

turned findings as follows: That the sidewalk where plaintiff fell was in an unsafe condition for the use of pedestrians, and that the city failed to exercise ordinary care to keep the same in a reasonably safe condition for such use, and in such failure was guilty of negligence which was the proximate cause of plaintiff's injury, that prior to the accident the condition of the sidewalk was not known to the defendant city through any of the agents or servants in charge of its streets and public ways, but that such agents and servants, by the exercise of ordinary care, should have acquired such knowledge. The jury further found that prior to the injury plaintiff knew, or could have known by the use of ordinary care, the condition of the sidewalk where she fell, but that she was not guilty of contributory negligence in passing over the sidewalk on the occasion of the accident. Damages were fixed by the jury in the sum of $2,000.

It is true that the city is not an insurer of the safety of pedestrians using the streets and sidewalks, but is only required to exercise ordinary care to maintain the same in a reasonably safe condition. Houston B. & T. R. Co. v. Scheppelman (Tex. Com. App.) 235 S. W. 206, and cases there cited. But the finding of the jury that the city, through its duly authorized officers and agents, failed to use ordinary care to keep the sidewalk in a reasonably safe condition, which failure was the proximate cause of plaintiff's injury, was the basis of the judgment rendered. Those issues were in proper form, and the separate issue, as a predicate therefor, as to whether or not the sidewalk was in an unsafe condition, did not impose upon the defendant the burden of establishing by proof that it was safe for pedestrians.

Appellant contends that it was within its discretionary powers as a governmental body to improve or not to improve the sidewalk where the accident occurred, and that, since the evidence showed conclusively that it had taken no steps to maintain the sidewalk in question, it was immune from liability for plaintiff's injury; and in support of that contention stresses the decision of the Commission of Appeals in the case of City of Waco v. Darnell, 35 S.W.(2d) 134. It is our conclusion that that case is distinguishable from the present suit, in that the injury complained of resulted from collision with a stump on the side of a graded street and the negligence relied on was the maintenance of the road in such proximity to the stump or else to remove the stump so as to avoid danger of collision therewith by vehicles passing over the street. Testimony in the present suit showed conclusively that business houses were maintained on both Scott avenue and Sixth street up to the point of their intersection and that the sidewalk where plaintiff was injured was adjacent to said intersection, although apparently not in front of the business houses; also that the sidewalk was between the property line of the lot fronting on the street and the boundary line of the street, thus showing that the sidewalk was within the corporate limits of the city and over which it had jurisdiction and control under its charter and the statutes of the state applicable thereto.

F. M. Rugely, the defendant's city engineer, testified that the city had never "maintained" any of its sidewalks; that he had charge of the maintenance of the streets; that the city had paved a portion of the street on which the sidewalk abutted; that he had frequently driven over the street during the ten years previous to the accident and never had occasion to notice the condition of the sidewalk prior to the accident, but that after the accident he examined the sidewalk and found it constructed of broken pieces of concrete; that the sidewalk was within the city limits at the edge of the downtown business district and between the boundary line of the street and the boundary line of the property fronting on the street.

The witness Walter Gray testified that the sidewalk was constructed of broken pieces of concrete not on a level with each other and with spaces between them; that the sidewalk had been in that condition for a number of years prior to the accident.

George Dodson testified that he had been superintendent of the streets of the city for the last twenty-nine years; that the place where the accident occurred was on the edge of the business district and the sidewalk was commonly used by pedestrians.

Klein v. City of Dallas, 71 Tex. 280, 8 S. W. 90, 91, was a suit for damages for alleged negligence of the city to maintain a guard rail on the edge of the sidewalk adjacent to a ditch into which the plaintiff fell and was injured. In that decision our Supreme Court said:

"By its charter the city was given control of its streets, sidewalks, and sewers, and all things usually appertaining to city supervision. Its ordinances recognized Pacific avenue as a street, as well as the streets intersecting it. Under such circumstances, it could not avoid responsibility for the neg-

lected condition of the streets, its sidewalks, and drainage, whether it constructed them or not. If the sidewalk and sewer were dangerous to the traveling public, and remained so, the corporation was bound to change and repair them; and, if it neglected to do so, it would be answerable in damages to persons injured by such neglect, under qualifications, as to notice, hereafter considered.

"The court also told the jury that plaintiff could not recover unless it had notice of the defective and dangerous condition of the sidewalk and ditch. This charge, given without qualification, as it was, was erroneous. Had the circumstances of the case required notice, and had the charge informed the jury that defendant must have had actual or constructive notice, and explained what was meant by constructive notice, the instruction would have been correct. If the corporation, by the exercise of ordinary diligence, would have discovered the defect in time to have made the needed repairs before the injury, it would be affected with the consequences of notice; it would be held to have had constructive notice."

In City of Austin v. Ritz, 72 Tex. 391, 9 S. W. 884, 887, the court had this to say: "When a street is opened and worked and offered to the public as suitable for travel, the city is responsible for its being kept in repair; and, if a street is commonly used by the public,—that is, if it becomes public by frequent use,—the city acquiescing in such use would be responsible for its condition; if there are not funds to keep it in repair, it is a matter of defense by proof."

In City of Sherman v. Williams, 77 Tex. 310, 14 S. W. 130, the court affirmed a judgment for damages for personal injuries sustained by the plaintiff while passing over a defective sidewalk of the city. See, also, City of Fort Worth v. Nelson (Tex. Civ. App.) 220 S. W. 123; City of Galveston v. Barbour, 62 Tex. 172, 50 Am. Rep. 519; McQuillin, Municipal Corporations, vol. 6, §§ 2743 and 2744; 43 Corpus Juris, 974–980; City of Wichita Falls v. Lipscomb (Tex. Civ. App.) 50 S.W.(2d) 867, writ of error refused. The decision in the last-cited case is conclusive against appellant's further contention that it was exempt from liability by reason of the provisions of section 139 of its charter purporting to exempt it from damages on account of personal injuries suffered by any person or persons whomsoever.

The fact that the plaintiff knew of the defective condition of the sidewalk prior to the accident did not necessarily establish contributory negligence on her part as a matter of law. Whether she was guilty of such negligence under all the facts and circumstances in evidence was a question to be determined by the jury, and their findings in her favor on that issue cannot be disturbed by this court. G., C. & S. F. Ry. v. Gasscamp, 69 Tex. 545, 7 S. W. 227.

No reversible error was committed in admitting the testimony of two other witnesses that they had fallen on the same sidewalk by reason of its defective condition, since the court limited that testimony by an instruction that it could not be considered for any purpose except to show constructive notice to the city of its condition. City of Dallas v. McCullough (Tex. Civ. App.) 95 S. W. 1121; Ware v. Shafer (Tex. Civ. App.) 27 S. W. 764; 22 Corpus Juris, 753, 754; 45 Corpus Juris, 1248–1250, and authorities there cited.

The evidence was sufficient to support the jury's findings on all the issues referred to above, and all assignments of error are overruled, and the judgment is affirmed.

On Motion for Rehearing.

In a special pleading, the appellant alleged that it was not its duty but the duty of the abutting property owners to repair the sidewalk, but it did not allege any other reason or excuse for failing to look after the condition of the sidewalk. On the trial the only evidence introduced to explain such failure was the testimony of its street superintendent, who had held that position for twenty-nine years, as follows: "Q. Have you ever constructed any sidewalks there? A. Nothing to do with it—and we don't construct sidewalks or repair them unless we would break some portion of them with our street equipment and of course then we would repair it."

If the city's failure to exercise supervision over the sidewalk was due to lack of funds available for that purpose, or any other facts that would be sufficient in law to excuse such failure, such facts were peculiarly within the knowledge of its officers, and the burden was upon it to plead and prove the same, in order to escape the prima facie case of liability made out by plaintiff. We do not understand that a municipality can escape its legal duty to exercise ordinary care to keep its public streets and sidewalks in a reasonably safe condition for public use after it has acquired jurisdiction over them by arbitrarily refusing to recognize such duty. City of Austin v. Ritz, 72 Tex. 391, 9 S. W.

:884; 43 C. J. p. 987, 988; 6 McQuillin Municipal Corp., §§ 2743, 2744, 2750.

The discretionary powers of a municipality referred to in City of Waco v. Darnell (Tex. Com. App.) 35 S.W.(2d) 134, and authorities there cited, do not go to that extent.

The motion for rehearing is overruled.