JOHN A. BAUGUS v. THE CITY OF ATLANTA.

No. 2750.

**Cities and Towns.**—A city or town incorporated under the general laws of Texas is responsible in damages for an injury inflicted under circumstances which would fix liability on a city or town incorporated by special enactment, clothed with the same powers and charged with the same duties.

APPEAL from Cass. Tried below before Hon. John L. Sheppard.

The opinion states the case.

*J. M. Adams, O'Neil & Son,* and *N. S. Schluter,* for appellant.—The city of Atlanta being an incorporated city, duly incorporated under the laws of the State of Texas, and having and exercising the exclusive control over the streets, alleys, and sidewalks within its corporate limits, and being empowered to provide the means to make and repair them, is liable to appellant for failing to discharge this duty, whereby appellant was injured. Rev. Stats., arts. 375, 382, 474; City of Galveston v. Posnainsky, 62 Texas, 120; City of Galveston v. Barbour, 62 Texas, 172; City of Austin v. Ritz, 72 Texas, 391; Barnes v. District of Columbia, 91 U. S., 540, 551; Weightman v. Washington, 1 Black, 39; 1 Dill. on Mun. Corp., 45; 2 Dill. on Mun. Corp., 998, 999, 1012, 1017, 1018; 4 Wait's Act. and Def., 635; Cool. on Torts, 625; Whart. on Neg., 625; 2 Thomp. on Neg., 753; Groves v. Fort Wayne, 45 Ind., 429; Higert v. Greencastle, 43 Ind., 574; Centerville v. Woods, 57 Ind., 192; Lindholm v. St. Paul, 19 Minn., 245; Moon v. Minneapolis, 19 Minn., 300; Furnell v. St. Paul, 20 Minn., 117; Jasen v. Atchison, 16 Kans., 358; The Mayor v. Furze, 4 Hill., 612; Conrad v. Ithaca, 16 N. Y., 158; Stors v. Utica, 17 N. Y., 104; Davenport v. Ruckman, 37 N. Y. 568; Kurz v. The City of Troy, 104 N. Y. Ct. App., 344; Wilson v. Village of Canister, 100 N. Y. Ct. App., 89; Erie v. Schwingle, 22 Pa. St., 384; Smoot v. Wetunka, 24 Ala., 112; Davis v. Montgomery, 21 Ala., 136; Albritton v. Huntsville, 60 Ala., 486; Browning v. City of Springfield, 17 Ill., 143; City of Springfield v. Le Clair, 49 Ill., 476; Alton v. Hope, 68 Ill., 167; Blake v. City of St. Louis, 40 Mo., 570; Murtaugh v. City of St. Louis, 44 Mo., 480; Dewy v. City of Detroit, 15 Mich., 311; Weams v. Wilmington, 9 Ired., 73; Mayor v. Lasser, 9 Humph., 757; Wheeler v. Troy, 20 N. H., 80; Jones v. City of New Haven, 34 Conn., 1; Oneil v. City of New Orleans, 30 La. Ann., 120; City of Boulder v. Miles, 12 Am. Dig., p. 893, sec. 221.

*J. H. Henderson, Travis Davidson,* and *O'Neil & Eberhardt,* for appellee.—A municipal corporation incorporated under the general laws of the State is not liable for damages for injuries caused by a failure to keep its streets and sidewalks in repair. 46 Texas, 525; 62 Texas, 118; Hill v. Boston, 122 Mass., 357; Detroit v. Blakely, 21 Mich., 106; Young v.

Charleston, 20 S. C., 16; Bray v. Jersey City, 32 N. J. L., 394; Winbigler v. Los Angeles, 45 Cal., 36; Oliver v. Worcester, 102 Mass., 499; 9 Mass., 250; Mitchell v. Rockland, 52 Me., 123; Hyde v. Jamaica, 27 Vt., 443; Detroit v. Putnam, 45 Mich., 265; French v. The City of Boston, 129 Mass., 592; 17 Johns., 483; Hill. on Torts, 493, 502, 603, 507; 43 Vt., 446; Ham v. Mayor, 70 N. Y., 459; Cool. on Const. Lim., 5 ed., 524, 253–58, 302–5; Bartlett v. Crozier, 17 Johns., 439; 1 Dill. on Mun. Corp., sec. 66; 2 Dill. on Mun. Corp., secs. 962, 996–1000, 1035; Cool. on Torts, 620, 622, 674, 626; Whitaker's Smith on Neg., 108, 110; 1 Suth. on Dam., 137; 8 Wait's Act. and Def., 402; 4 Wait's Act. and Def., secs. 4, 5; 4 Wait's Act. and Def., 636, 640, 646; Railway v. Jones, 95 U. S., 439.

STAYTON, CHIEF JUSTICE. — This action was brought by appellant against appellee, alleged to be a city incorporated under the general laws of this State, to recover damages for an injury alleged to have been received by him in falling upon one of the public sidewalks of the city, claimed to have been in unsafe condition through appellee's negligence.

The averments of the petition are in all respects such as would entitle appellant to recover, if a city so incorporated is liable for an injury received by appellant as alleged, in the absence of a statute expressly so making it.

General and special demurrers to the petition were sustained. The latter was as follows:

"Defendant further answering, demurs specially and says the defendant, the city of Atlanta, being incorporated under the general laws of the State of Texas, as stated in the plaintiff's petition, and only exercising powers conferred on it by the general laws of Texas, which in their nature are essentially public, and there being no cause of action given by any statute of said State or any ordinance of said city, defendant is not liable in this action for damages for the omission or negligence of J. E. Howe, street commissioner, to perform his duties as such street commissioner."

It is claimed that appellee is not liable, as it would be if it had been incorporated by a special act of the Legislature, with powers and duties no greater than are conferred upon such cities and towns as incorporate under the general laws of this State.

The reasons why *quasi* municipal corporations, created by general laws applicable to all such subdivisions of a State, for the better accomplishment of essentially public purposes, are not held liable for injuries resulting from the neglect or misfeasance of their officers unless such liability is fixed by statute, has been considered in many cases, some of which are referred to in City of Galveston v. Posnainsky, 62 Texas, 119.

It is not seen, however, why a city or town which incorporates under the general laws of this State through the voluntary act of its inhabi-

tants, for the benefit of the particular locality and its residents, should not be held responsible for an injury inflicted under circumstances which would fix liability on a city or town incorporated by a special act of the Legislature, clothed with same powers and charged with the same duties. In the one case as in the other the charter is special, and in either case, in fact or presumptively, obtained through the request or voluntary act of those who seek benefit through the execution of the powers conferred. If there be any difference it is not in favor of such cities and towns as by the voluntary act of their inhabitants incorporate under the general law, for as to them there is wanting the element of compulsory incorporation, and their inhabitants must be presumed to have weighed the local benefit to be obtained by incorporation before they asked that the powers be conferred upon them which fix the corresponding duty carefully to exercise them.

The general question has been so often considered that we do not deem it necessary again to discuss it. City of Galveston v. Posnainsky, 62 Texas, 118; Galveston v. Barbour, 62 Texas, 172; Kline v. City of Dallas, 71 Texas, 284.

We think the court erred in sustaining the demurrers, and its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 29, 1889.