Anderson, J.,
delivered the opinion of the court.
This case is brought up upon a demurrer to plaintiffs’ declaration, and raises the question as to the civil liability of municipal corporations for injuries to private persons caused by defective and unsafe streets and sidewalks.
The City of Richmond—the defendant—is a municipal corporation, chartered by an act of the legislature of Virginia. Among the many important powers vested by the charter in the council is the power over .the streets and public alleys of the city—to close or extend, widen or narrow, lay out and graduate, pave and otherwise improve them; to have them properly lighted and kept in good order. -They may build bridges in and culverts under the streets, and may jirevent or remove any structure, obstruction, or encroachment over or under or in a street or alley or any sidewalk thereof. And they are invested with power to prevent the cumbering of streets, avenues, walks, public squares, lanes, or bridges in any manner whatever.
The grant of these powers to the city council is a grant to the corporation; (16 New York R., p. 161, opinion of Selden, J., in West v. The Trustees of the Village of Brockport, in note;) and the grant to the corporation is of a character to exclude its exercise by any other. The city corporation, by its charter, has the exclusive power to keep the streets and sidewalks in repair and *275 safe condition; and if they neglect to do it there is no other who has the power to do it, and so it will not be done at all. The terms of the grant, therefore, a duty on the part of the defendant to keep the streets and sidewalks of the city in good order and safe condition. And so, “ where the duty to repair is not specifically enjoined, and an action for damages, caused hy defective streets, is not expressly given, (it is said, 2 Dillon on Municipal Corporations, § 789, p. 917, ch. 23,) still both the duty and the liability, if there be nothing in the charter or legislation of the state to negative the inference, has often, and in our judgment properly, been deduced from special powers conferred upon the corporation1 to open, grade, improve, and conclusively control public streets within their limits, and from the means which, by taxation and local assessments, or both, the law places at its disposal to enable it to discharge this duty.”
The means to perform the duty of maintaining the streets in a safe condition by authority to levy taxes, or impose local assessments, is conferred upon the defendant by its charter. If this view is correct.it is undoubtedly a duty devolving upon the corporation of Richmond City—the defendant—to keep its streets and sidewalks in repair and in safe condition. If it neglects to keep any of them in repair and in safe condition, by reason whereof private persons without fault on their part have sustained injuries, is the city liable in a civil action for damages ?
The books distinguish between municipal corporations proper and quasi corporations, such as counties and townships, and New England towns. It is almost universally considered that the latter are not liable to civil action for damages occasioned by defective roads and bridges under their control, unless so declared hy statute. There is no common laxo obligation upon them, *276 it is held, to repair highways or bridges within their and they are only obliged to do so by force of statute. Eveji when the legislature enjoins on them the duty to make and repair roads, &c., and grants the power to levy taxes therefor, it has generally been regarded asa public and nota corporate duty, and these political subdivisions of the state on whom the duty is imposed, as state agencies, are not liable to a civil action for damages caused by the neglect to perform the duty, unless the. action is expressly given by statute. But in a recent case (Bigelow v. Ink. of Randolph, 14 Gray, Mass. 541), Mr. Justice Metcalf says : “ This rule of law, however, is of limited application. It is applied, in the case of towns, only to the neglect or omission of a town to perform those duties which are imposed'on all towns, without their corporate assent, and exclusively for public pui’poses; and not to the neglect of those obligations which a town incurs when a special duty is imposed on it, with its consent, express or implied, or a special authority is conferred on it at its request. In the latter eases a town is subject to the same liabilities for the neglect of those special duties to which private corporations would be if the same duties were imposed, or the same authority conferred on them, including their liability for the wrongful neglect as well as the torongful acts of their officers and agents.” And this- comports with the reason which has been assigned for the distinction between these quasi corporations and corporations proper—that is, municipal corporations—why the former are exempt, whilst the latter are not, from liability to damages in civil actions for injuries to private pei’sons caused by defects in the public highways, streets or sidewalks within their respective limits, to-wit: that the duties are imposed on the former by the mandate of the law, without their assent, and the au *277 thority conferred on them as agents of the public without special advantage to them, not by their request ; whilst upon the latter the power is conferred by their request, which may be wielded for their advantage, and the duties are voluntarily assumed by them in consideration of special and valuable benefits, which as corporations they derive therefrom, and other privileges and franchises conferred by their charter. As was said in Meares v. Commiss. of Wilmington , 9 Ired. R. 80, “ when the sovereign grants power to a private corporation to construct a railroad, the grant is made for the public benefit, and is accepted because of the benefit which the corporation expects to derive by making money. So when the sovereign grants power to a municipal corporation to grade the streets and keep them in repair, the grant is made for the public benefit, and is accepted by the corporation for the benfitwhich it expects to derive, by making it more convenient for the citizens—-the members of the corporation—to pass and repass in the transaction of business, and by the greater inducements it holds out to others to frequent the town and thereby add to its business. The stockholders in.the one case and the citizens in the other, derive special benefits which are not shared by the citizens of the state generally.”
It is a general principle of law, and it is founded in reason, that when one suffers an injury by the neglect of another to perform a duty, in the performance of which he is interested, he has against him a right of action. This doctrine applies not only to individuals, but to private corporations aggregate, and it obliges such corporations to respond in a private action, though the action be not given by statute, for the damages which another has sustained by reason of its neglect or default to perform any corporate duty. Riddle v. Proprietors of Locks and Canals, &c., 7 Mass. R. 169; *278 Weld v. Proprietors, &c., 6 Greenl. R. 93; Ward v. New York, &c., Turnpike Co., Spencer (N. J.), 323, 325; Parnaby v. Canal Co., 11 Ad. & El. 223, 39 Eng. C. L. R. 54.
The principle which lies at the basis of the decision in Henley v. Mayor, &c., of Lyme Regis, 5 Bing. 91, 3 Barn. & Adolph 77, as stated by Mr. Justice Selden in West v. The Trustees of the Village of Brockport (16 New York R. 163, in note), and of the series of English cases upon the authority of which that case was decided, is, “ That whenever an individual, or a corporation for a consideration received from the sovereign power, has become bound by covenant or agreement, either express or implied, to do certain things, such corporation or individual is liable, in case of neglect to perform such covenant, not only to a prosecution by indictment, but to a private action at the suit of any person injured by such neglect. In all such cases the contract made with the sovereign power is deemed to enure to the benefit of every individual interested in its performance.” In Sawyer v. Corse, 17 Gratt. 230, Joynes, J., speaking for the whole court, announces the same principle; i. e., “that where the' authority, though for the accomplishment of objects of a public nature, and for the benefit of the public, is one from the exercise of which the corporation derives a profit; or where the duty, though of a public nature and for the public benefit, may fairly be presumed to have been enjoined upon the corporation in consideration of privileges granted to and accepted by it, the exemjition does not apply ”; and the reason he assigns why the corporation is not exempt from liability in a civil action, though differently expressed, is substantially the same—that “ the corporation is not acting merely as an agent of the public, and with a view solely to the public benefit, but that in the former *279 (where it derives a profit) it is pursuing its own interest and profit, and in the latter is executing a contract, for which it has received a consideration. This court also, in City of Richmond v. Long's administrators, recognized the doctrine that where a municipal corporation acts in the exercise of powers or the discharge of duties in nowise discretionary or governmental, hut purely ministerial in their character, it incurs, like a pi’ivate person, the common law liability for the acts of its servants; and it does not matter, as was once intimated, if there be the absence of special rewards or advantages, it being considered and allowed that such gratuitous function is to be regarded as a burthen accepted under the charter in consideration of its privileges.”
The case of Henley v. The Mayor and Burgesses of Lyme Regis, supra, went from the Common Pleas, through the King’s Bench, to the House of Lords. And the counsel for the plaintiff in the House of Lords contended that every breach of a public duty, or neglect of what the party is bound to perform, working wrong or loss to another, is injurious and actionable, a principle hereinbefore alluded to, and cited Sutton v. Johnstone, 1 T. R. 784, and Russell v. The Men of Devon, 2 T. R. 667. But it appears that the decision was not upon that ground, from the opinion of Park,-!., the only opinion given in the House of Lords, who, after quoting the charter, said: “ How, these words are undoubtedly an expression of the King’s will, that the corporation shall repair, but they are not the less a‘consideration on that account; on the contrary, they show the consideration for the grant, the motives inducing the King to make the grant, and consequently the terms and conditions on which the grant was to be accepted.”.
Mr. Justice Selden, in West v. Brockport, supra, very *280 truly' remarks “ that such charters are never imposed upon municipal bodies except at their urgent request.
■ While they may be governmental measures in theory, they are in fact regarded as privileges of great value,' and the franchises they confer are usually sought for with much earnestness before granted. The surrender by the government to the municipality of a portion of its sovereign power, if accepted by the latter, may with propriety be considered as affording ample consideration for an implied undertaking on part of the corporation to perform with fidelity the duties which the charter imposes.”
Mr. Justice Cooley in a dissenting opinion in Detroit v. Blackely, says: “The Yew York courts have invariably held that when the people of the municipality accepted the charter which they thus solicited a contract was implied on their part to perform the corporate duties. They have always denied that in this respect there was any difference between a municipal corporation and a private corporation or private individual who had received from the sovereignty a valuble grant charged with conditions”; and he cites numerous decisions of the Yew York courts, which fully sustain the assertion. He cites, also, the decisions of other states—of Yorth Carolina, Pennsylvania, Indiana, Alabama, Connecticut, Illinois, Maryland, and Wisconsin, and the two decisions of this court before referred to. He also refers to decisions of the supreme court of the United States. These cases and -others which might be cited, though all of them may not go to the full extent of his proposition, I think' fully maintain the doctrine that municipal corporations are liable in civil action for neglect of duties, in •cases like the present, to a private citizen who has been injured by such neglect. The doctrine of Henley v. Mayor, &c., of Lyme Regis, as applied in West v. *281 Broekport, Mr. Justice Cooley says, is denied in no state except in RTew Jersey, and in that state the authorities to which -he referred seem to have been passed over in silence, and perhaps were not observed. . In the recent case of Barnes v. District of Columbia, 1 Otto U. S. R. 540, the supreme court of the United States maintained the liability of municipal corporations to a civil action for injuries to a private individual caused by their neglect to keep the streets or sidewalks in repair. Mr. Justice Sunt, in delivering the opinion, in which the majority of the court concurred, says that the decisions holding the doctrine “ that a city is responsible for its mere negligence are so numerous and so well considered that the law must be deemed to be settled in accordance with them, and cites many of them, including the two Virginia cases cited supra. Detroit v. Blackely, 21 Mich. R. 84, is referred to and disapproved of, whilst the conclusions of Mr. Justice Cooley in his dissenting opinion are maintained.
But no one can maintain an action against the city grounded solely on the defect or want of repair of the street or sidewalk, but he must allege and prove that the corporation had notice of the defect or want of repair—which notice may be implied—and that he was injured, either in person or property, in consequence of the unsafe and inconvenient state of the street or sidewalk. Weightman v. The Corporation of Washington, 1 Black’s R. 39. In this case the defect in the sidewalk, and the injury caused thereby to the plaintiff, and that the corporation had notice of it, are all averred in the declaration, and must be taken to be true on the demurrer.
Bor the reasons stated, and upon the authorities cited, we are of opinion that the plantiff's, upon the *282 case made by their declaration, were entitled to their action against the defendant for damages, and that the court erred in giving judgment for the defendant. ¥e are therefore of opinion to reverse the judgment with costs, and to remand the cause to be proceeded with in conformity with the principles herein declared.
Moncure, P., dissented.
■ The judgment was as follows:
The court is of opinion, for reasons stated in writing, that municipal corporations are liable to civil action at the suit of the party injured, because of a default in keeping the streets and sidewalks in repair and safe condition; and that the matters, substantially set out in the plaintiffs’ declaration, are sufficient in law to entitle them to their action against the defendant for damages, and that it was error in the court below to sustain the defendant’s demurrer to the plaintiffs’ declaration, and to give judgment thereon for the defendant. It is therefore considered that the judgment of the circuit court of Richmond be reversed and annulled, and that the plaintiffs in error recover their costs expended in the prosecution of their writ of error here. And the court proceeding to render such judgment as ought to have been rendered by said circuit court, it is considered that the demurrer to the plaintiffs’ declaration be overruled; and the cause is remanded to the circuit court of Richmond for further proceedings therein in conformity with this order.
Judgment reversed.