## City of Nokomis v. Martley Salter.

1. ORDINARY CARE—*Use of*—*Negligence.*—Because a person's face is averted for a moment while walking along a sidewalk, negligence is not to be imputed. If a person acts as persons ordinarily would under similar circumstances, he is exercising ordinary care.

2. NEGLIGENCE—*Defective and Old Sidewalks.*—To patch up an old sidewalk where the boards and stringers are rotten, unsafe, and constantly getting out of order, is not using due care on the part of the city to keep its walks in repair.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

*Plaintiff's eighth instruction:*

The jury are instructed that the defendant is bound to use reasonable care and caution to keep and maintain its streets and sidewalks in good and sufficient repair, to render them reasonably safe for all persons passing on or over the same, and if the jury believe from the

evidence that the defendant, after notice that the sidewalk was out of repair, failed to use all reasonable care and caution to keep its sidewalk in such repair, and that the injury complained of resulted from that cause as charged in the declaration, and that the plaintiff sustained damage thereby without the want of ordinary care on her part, then she is entitled to recover in this suit.

*Defendant's fourteenth refused instruction :*

The jury are instructed that municipal corporations, such as the defendant in this case, are only liable for such defects in their sidewalks as are in themselves dangerous, or such that a person exercising reasonable care and caution can not avoid danger in passing over it. If the jury believe from the evidence that the defect in the sidewalk in question was not in itself dangerous to a person passing over it with reasonable care and caution, and that the alleged injury was the result, either of a mere accident without negligence on the part of the defendant or that it resulted from a want of reasonable care and caution on the part of the plaintiff, then the jury should find the defendant not guilty.

HOWETT & JETT, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in the sum of $500 for injuries sustained by the plaintiff because of a defective street crossing.

That the plaintiff was injured and, if entitled to recover, the damages awarded her are not excessive, can not be questioned.

Whether she was at the time exercising ordinary care is vigorously contested in the brief of the appellant. It is argued that, as she admits she knew the crossing was in an unsafe condition, she was bound to use a degree of care commensurate to the danger so known to exist; and that she failed in this, because when the accident occurred she was talking, her face turned around or backward, with another person who was behind her. We think this feature of the case somewhat overdrawn; at least its importance somewhat magnified in the brief. She did know, as she says, that there were or had been some loose boards along there, but none were apparently so at that time. She was

walking with her son, aged twelve years, who was holding her hand.

The boy stepped on the end of one of the cross boards, and the other being unfastened flew up, causing her to fall and she was hurt. Whether, if she had been looking forward, she would have avoided the injury can not be known; but because her face was averted at the moment, she was not necessarily negligent. She no doubt acted as persons ordinarily would under similar circumstances. At any rate there is nothing so extraordinary in such action as to justify us in overruling the jury upon the question of whether she was then in the exercise of ordinary care.

The most serious question of fact, and the one which was apparently the most in dispute, was whether the city knew of the defect, or whether the defect had so long existed that in the exercise of due care the city would have known it. The law upon this branch of the case was very strongly put to the jury in the instructions given at the instance of the city.

This point was apparently regarded as pivotal and all-important.

The evidence was conflicting, in that a number of persons testified to seeing the crossing out of order, and badly so, at intervals, for a very considerable time before the accident to the plaintiff, and a number of others, intelligent and observing, testified that they had repeatedly passed there and discovered nothing wrong.

The jury probably concluded that the boards and perhaps the stringers were rotten and unsafe because they would not hold nails, and while the street commissioners may have given frequent attention to the walk, yet it was continually getting out of order, and was therefore necessarily dangerous.

This view would account for the apparent conflict in the testimony.

A board is found loose by one person and is taken out and placed upright so as to attract attention. It is nailed down by the street commissioner, but very soon another is loosened and replaced, and so on.

The jury probably thought it was not due care on the part of the city to patch up a walk in that condition; that it could not be—or with the attention it received, was not—safe, and that the city officials must have known it.

A walk in such a condition, constantly getting out of order, is really more dangerous than where the boards are broken or entirely removed, because in the latter case the danger is palpable and more likely to be avoided.

We are not disposed to overrule the finding of the jury on this branch of the case.

Complaint is made of the 8th instruction asked for plaintiff and given, because, as is said, it assumes the city had notice of the defect, and because the declaration does not aver such notice.

The instruction did not so assume, and when fairly read would not be so understood.

The declaration avers that the city wrongfully and negligently permitted the walk to be and remain unsafe and out of repair, which averment implies notice, actual or constructive.

Objection is taken to the action of the court in refusing the 14th instruction asked by the city. The important feature of that instruction was that if the plaintiff's injury was the result of a want of reasonable care and caution on her part she could not recover. This element is contained in five of the plaintiff's instructions and in one of those given for defendant.

We think the jury were sufficiently advised on this point, and so the omission to give the instruction is not substantial error. No other objections are presented by the brief and the judgment will be affirmed. Affirmed.