## City of Mattoon v. Barnaby Worland.

1. SIDEWALKS—*What is Not a Want of Ordinary Care in Walking Upon.*—Where a person in passing along a sidewalk of an incorporated city met other persons also upon the walk and stepped off of it upon the top of a catch-basin adjacent to the walk to let them pass, and one of the planks on top of such basin broke near the center and his foot was precipitated into the basin, causing his injury, it can not be said that in so stepping off of the walk he was not in the exercise of ordinary care for his personal safety.

2. SAME—*Notice of Defects in Streets.*—City officers whose duty it is to use ordinary care to keep the streets in a reasonably safe condition, can not shut their eyes to a condition of things that would be made plain to them by the use of their common faculties and the intelligence of ordinary men, and then be heard to say, when an injury occurs, that they had no notice and are therefore not liable.

3. DAMAGES—*When $499 is Not Excessive.*—A person in passing along a sidewalk in an incorporated city stepped off of it to the top of an adjacent catch-basin for the purpose of letting other persons also upon the walk pass him, and in doing so stepped upon a defective plank, of the covering of the catch basin, which broke, causing an injury which resulted in a broken leg; *it was held* that a verdict for $499 was not excessive.

4. PLEADING—*Allegations of Constructive Notice.*—In an action against a city for personal injuries resulting from a defective sidewalk, where the declaration alleges that the city wrongfully and negligently permitted the walk to be and remain unsafe and out of repair, such allegation implies notice, actual or constructive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

JOHN McNUTT, JR., and ANDERSON STEWART, attorneys for appellant.

JAMES W. and EDWARD C. CRAIG, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant to recover for injuries—a broken leg—caused, as he alleged, by the defective cover of a catch-basin located in a public street, wrongfully and negligently suffered to remain and be in bad and unsafe repair and condition, and divers of the planks were rotten and unsafe.

In the first instance the Illinois Central Railroad Company was a joint defendant to the action on the alleged ground that the catch-basin constituted a part of the approach to its crossing of the street in question, but the suit was dismissed as to such defendant before the jury retired, and was thereafter prosecuted against appellant alone. A trial by jury ended in a verdict against appellant for $499, and after overruling its motion for a new trial the court gave judgment against appellant for the damages so assessed, to reverse which this appeal is brought; and it has been argued that the court admitted improper evidence, gave to the jury improper instructions, the verdict is against the evidence, the court should have sustained the motion for a new trial, and the damages are excessive.

The manhole or catch-basin was situated about eight feet from the east track of the railroad and between four and six feet from a concrete walk, and in the lawn or parking between the curbstone and sidewalk. At the time of the injury to appellee the south side of the street, Broadway, on the railroad right of way, was excavated to be filled out with brick, and was filled with cinders. The cement walk was complete at this point. The catch-basin was of brick and had a cover of planks, between three and four feet wide at the top. In his testimony the superintendent of streets said the condition of the boards that made the covering was the same as any other plank that had been put down a few years, somewhat decayed, this being the result of his examination in December before the accident that occurred January 12, 1900. At that time the superintendent nailed down some loose boards on the top of the basin. While appellee was passing along the sidewalk, he met, as he testified, people who were also upon the walk, and to let them pass by he stepped off the walk upon the top of the catch-basin, when one of the planks broke near the center and his foot went down into the basin, causing his injury.

It is urged that appellee was not in the exercise of ordinary care. We see no force in this point. There may

have been room, and probably was, for him to avoid the
other persons upon the street, without stepping upon the
covering of the basin; but that being in the street and a
part of it, and being an inviting surface, as compared to the
surrounding cinders, he having no knowledge of its defect-
ive condition, and having a right to assume it was safe, it
was but the natural act of an ordinary person, under the
circumstances, to step upon the planks that others might be
allowed to pass by.   We think from all the evidence the
jury were warranted in finding the appellee was in the use
of proper care.

Then it is argued that appellant had no notice of the
defective condition of the boards, if they were defective.
The fact that one of the boards broke under the weight of
appellee proves it was unsound.   Did appellant know it
was unsound, or by the exercise of reasonable care, or ex-
amination, could it have known of the defective board?
Appellant's own superintendent knew the boards, or some
of them, were loose a few days before the injury, and he also
knew they were somewhat decayed.   At that time ordinary
care demanded an investigation of the cause of the boards
becoming loose, and had a proper examination been made
appellant would have known the reason they were loose was
because they were rotten.   It is matter of common obser-
vation that boards will rot on the under side when laid over
an excavation in which dampness collects and remains with-
out the freedom of air circulation.   A mere casual inspec-
tion of the boards at that time would, we think, have
disclosed the fact the boards were thin and weak from
decay beneath, while remaining apparently sound on the
tops of them.   Common prudence and care demanded at
that time a better inspection than was given, and if appel-
lant did not know the dangerous condition of the boards,
it was the fault of its own chosen officer or servant, for
whose negligence it is liable.   Those whose duty it is to use
ordinary care to keep the public streets in a reasonably safe
condition, can not shut their eyes to a condition of things
that would be made plain to them by the use of their com-

mon faculties and the intelligence of ordinary men, and then be heard to say, when injury happens, they had no notice and are therefore not liable. We feel well warranted in the conclusion the jury were justified in finding that appellant was guilty of the negligence imputed to it.

Appellant complains of the refusal of the court to direct a verdict at its instance, and that it also erred in directing a verdict at the instance of it sco-defendant and in the latter's favor. It follows from what we have already said that we are of the opinion the court properly declined to direct a verdict for the appellant, and as regards the other point, we think appellant has no right to complain of the discharge of the railroad company from the suit; that is a matter in which appellant has no concern. We find no prejudicial error in the rulings of the court upon the admission of evidence, nor do we think there is any merit in the contention that the damages are excessive.

It has been strenuously argued that the court erred in giving to the jury the first and second instructions requested by the plaintiff, which are to the effect that if the jury believe from the evidence that the plaintiff has proven his case as alleged in the declaration, or either count thereof, by a preponderance of the evidence, the jury should find for the plaintiff. The point made against these instructions is that they take from the jury the consideration of the question whether the appellant had actual or constructive notice of the alleged defective condition of the top of the catch-basin; inasmuch as the instructions refer to the declaration for its facts upon which the right to recover is predicated, and the declaration being found defective when looked into, that therefore the instructions must be necessarily erroneous, because, it is said, the important element going to make up the liability, that of notice, actual or constructive, is ignored.

Is the declaration defective in respect to the point made against it? The averments of the declaration, and each count thereof, are, in substance, that the defendant wrongfully and negligently suffered the cover of the catch-basin

to remain and be in bad and unsafe repair and condition and divers of the planks wherewith the platform was built to be and remain rotten and unsafe. In City of Nokomis v. Salter, 61 Ill. App. 150, this court held that where the declaration avers that the city wrongfully and negligently permitted the walk to be and remain unsafe and out of repair, such averment implies notice, actual or constructive. We are still satisfied with this ruling, and hence, by the reference to the declaration contained in the instructions, the question of notice, actual or constructive, was not ignored, or taken from the jury, but the jury were told, in effect, that if the defendant wrongfully and negligently suffered the cover of the catch-basin to be and remain in bad and unsafe repair and condition, and divers of the planks rotten and unsafe, then the plaintiff was entitled to recover. Actual or constructive notice was implied in the language "wrongfully or negligently suffered," as there could be neither wrong nor neglect until the defendant had actual or constructive notice of the defect to be repaired. Besides this it is difficult to discover how the jury could have been misled by these instructions, even if subject to the objections appellant has taken to them, in view of the other instructions given by the court, both at the instance of the plaintiff and defendant, specifically upon the point, where the jury were told that the defendant must have had either actual notice of the unsafe condition of the cover of the basin, or by the use of reasonable diligence could have known of such unsafe condition. It is unreasonable to expect that a jury would disregard the specific instructions of the court upon this point, and look into and search out and find that this special averment had been omitted from the declaration, and then reach the conclusion that for such reason it was immaterial whether the defendant had actual or constructive notice or not. While, as we believe, juries are always sincere and actuated by every laudable motive prompting justice, we doubt very much if they are given to such critical analysis as the argument of counsel would imply. There was no prejudicial error in the modification of the twelfth instruc-

tion, and after considering the series of instructions as a whole, given to the jury by the court, we feel free to say that the jury was unusually well instructed, and appellant had the benefit in those respects of all its rights demanded.

There was no error in denying the motion for a new trial on the ground of the absence of the witness Rose. He was present when the trial began, appellant knew of his testimony, and of its material nature. It was not, therefore, newly discovered evidence and was of a cumulative character. If the witness was discovered to be absent when his testimony was desired, it was the right of appellant to have made a motion for a continuance, and to have then preserved the ruling of the court upon it, and in that manner the point might properly have been presented to this court for review.

Finding no error in the record and proceedings of the Circuit Court its judgment will be affirmed.