CITY OF CLEBURNE v. GUTTA PERCHA & RUBBER MANUFACTURING COMPANY.

Decided May 31, 1905.

**Charge—Distinct Defenses.**

An instruction to find for plaintiff in the amount of the note sued on, to which two distinct defenses were plead, "unless you find for the defendant on its plea of failure of consideration . . . and unless you find for the defendant on its plea of the invalidity of such note . . ." required a finding for defendant on both such issues in order to defeat recovery, and was erroneous.

Appeal from the District Court of Johnson County. Tried below before Hon. Nelson Phillips.

*Jno. B. Warren,* for appellant.—The court erred in the third paragraph of his charge, wherein he instructed the jury to find for the plaintiff the amount of the second note, unless they found for the defendant on its plea of failure of consideration, and unless they found for the defendant on its plea of the invalidity of said note; because said charge required the jury to find for the defendant on both the

issues of failure of consideration and the invalidity of said note before it could find in favor of the city as to said note. International & G. N. Ry. Co. v. Henry Kentle, 2 Texas App. Cas., sec. 303; El Paso National Bank v. Fuchs, 89 Texas, 197; Duncan v. Magette, 25 Texas, 251.

The court erred in the eighth paragraph of his charge in that the same confuses the issues herein and instructs the jury that "Although you may believe from the evidence that the said Baker Fabric hose failed or gave out within thirty-six months from the date of its purchase, from mechanical defects in manufacture, yet if from the evidence you shall further believe that such failure of or giving out of said hose was due to or caused by the failure of the defendant to take such care of the same as an ordinarily prudent person would have taken of the same character of property, used and intended to be used for the same purpose and that it was not due to or caused by any mechanical defect in manufacture, then in such event, you will find for the plaintiff and defendants plea of failure of consideration." It is not shown by the evidence in what way a failure to take care of the hose could or would make mechanical defects in the hose. The charge instructs the jury that although the hose gave out from mechanical defects, still if defendant failed to take proper care of the hose, and such failure or giving out was not due to any mechanical defects in manufacture, the jury should find for plaintiff and said issue.

*Walker & Baker,* for appellee.—The charge complained of was not erroneous and did not mislead the jury, for it was merely a preliminary statement of the issues in the case, and in subsequent paragraphs the two issues were carefully separated and the jury was fully instructed as to its duty in the event it found for the defendant on either one or both of such issues. When considered as a whole the charge is not subject to the criticism offered in this assignment. El Paso & N. W. Ry. Co. v. McComas, 81 S. W. Rep., 760; Meyer Bros Co. v. Durham, 79 S. W. Rep., 860; Baker v. Ashe, 80 Texas, 361.

KEY. ASSOCIATE JUSTICE.—The Gutta Percha & Rubber Manufacturing Company brought this suit against the city of Cleburne, a municipal corporation, on two promissory notes for the sum of $825 each. In addition to a general demurrer, several special exceptions and a general denial, the defendant pleaded specially that the notes were given in part payment for certain fire hose, and that the plaintiff had breached its contract of warranty in reference thereto. It was also alleged that the execution of the notes created a debt within the meaning of article 2, sec. 5 of our State Constitution, and was invalid because at the time of creating the debt provision was not made for its payment, as required by the Constitution.

The trial resulted in a verdict and judgment for the plaintiff for the full amount of the two notes, and the defendant has appealed.

On account of the volume of business pending in this court, if for no other reason, we shall not undertake to discuss in this opinion the numerous questions presented in appellant's brief.

There may be some merit in the assignment of error which complains of the eighth paragraph of the court's charge, on the subject of con-

tributory negligence. Some of the language used in that paragraph is rather vague and confusing, and we suggest that it be made more definite upon another trial.

We decide against the appellant on all the other questions presented, except the one raised by the seventh assignment, which complains of the third paragraph of the court's charge which reads as follows:

"3. As to the second note in question you will find for the plaintiff the amount of the principal thereof with interest thereon at five per cent per annum from October 16, 1900, unless you find for the defendant on its plea of failure of consideration submitted hereafter in paragraphs six and seven of this charge and unless you find for the defendant on its plea of the invalidity of said note submitted hereafter in paragraph four of this charge."

This charge is complained of because it required the jury to find for the plaintiff, unless the defendant had established both of its defenses, when under the law, the establishment of either defense would result in defeating, in part, at least, the claim asserted by the plaintiff. Appellant's contention is correct, and the charge is subject to the criticism urged against it. Counsel for appellee contend that subsequent portions of the charge corrected the paragraph referred to, and therefore, reversible error is not shown. Subsequent paragraphs of the charge, in effect, state the law differently, but they do not refer to or, in terms, attempt to modify or correct the paragraph complained of. In this respect the case is quite similar to International & G. N. Ry. Co. v. Lehman, 3 Texas Ct. Rep., 866, which was reversed on account of a similar error. See, also, San Antonio & A. P. Ry. v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 361; Pound v. Turck, 95 U. S., 461; Sullivan v. Hannibal & S. T. Ry., 88 Mo., 169.

On account of the error referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*