### CITY OF WACO v. BALLARD et al.[*]
### (No. 6493.)

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1922. Rehearing Denied Dec. 13, 1922.)

1. Municipal corporations ⬅⟜816(4)—Petition to recover for injuries from defects in sidewalk not subject to general demurrer for omission to aver notice to city.

A petition which may be fairly construed as seeking recovery for injuries from defects in the construction of, as distinguished from mere failure to repair, a sidewalk is not subject to general demurrer for omission to aver notice to the city, which is presumed to have knowledge of the acts of its own agents in constructing improvements.

2. Municipal corporations ⬅⟜788(3)—Not liable for injuries from failure to repair defective street or sidewalk unless notified of defect.

As a general rule, a municipal corporation is not liable for injuries caused by failure to

repair a defective street or sidewalk unless it has actual or constructive notice of the defect.

**3. Appeal and error ⬤➡843(4)—Omitted allegations which may be supplied by amendment on retrial not considered where case is reversed and remanded on other grounds.**

Omissions from pleadings which may be supplied by amendment on another trial need not be considered where the case is reversed on other grounds and remanded for new trial.

**4. Municipal corporations ⬤➡755(1), 822(2) —Not liable for injuries from defects in streets or sidewalks unless negligent, which is for jury; negligence must be submitted by instructions.**

A city is not an insurer of the safety of its streets and sidewalks, but is held only to ordinary care in keeping them safe for the usual modes of travel, and is not liable for injuries unless the acts or omissions complained of constitute negligence which is a question for the jury, and must be embodied in the instructions.

**5. Trial ⬤➡252(8)—Submission of question of actual notice of defects in sidewalk erroneous where evidence related only to constructive notice.**

In an action against a city for injuries from a defective sidewalk, where the evidence as to notice of such condition related only to constructive notice thereof, the court erred in submitting the question of actual notice.

On Motion for Rehearing.

**6. Trial ⬤➡296(3)—Failure of main charge to require finding of negligence of city as to defects in sidewalk not cured by special charge referring to use of ordinary care where notice of defects was constructive.**

Failure of the court's main charge to require a finding of negligence by a city before authorizing recovery for injuries due to a defective sidewalk was not cured by a special charge that the city would only be liable for an unsafe and dangerous condition thereof if it failed to use ordinary care, "as that term is defined in the court's main charge," in keeping it in repair, where the reference to the use of such care as defined in the main charge related only to constructive notice to the city of such defects or conditions.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by Emmie Ballard and husband against the City of Waco. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Street & Coston, of Waco, for appellant.

W. J. Hannah, Robert H. Rogers, and R. L. Henderson, all of Waco, for appellees.

BRADY, J. This is an action for damages against the city of Waco for personal injuries to Emmie Ballard, who was plaintiff below, and who was joined by her husband in the suit. The ground of the suit was the alleged negligence of the city in relation to a defective sidewalk, from which the injuries resulted. The case was submitted to a jury upon a general charge, and resulted in a verdict and judgment for the plaintiffs in the sum of $1,250.

A general demurrer was urged below, and was overruled by the court, which action is here assigned as error. The principal point claimed to have been raised by the general demurrer is that the petition was fatally defective, because it contained no allegation of fact that the city had notice, either actual or implied, of the alleged defects and dangerous and unsafe conditions. The petition alleged control of the city over its streets and sidewalks, and after alleging the location, plaintiffs further averred that, while attempting to go down the steps from the sidewalk to Franklin street, Emmie Ballard, because of the dangerous and unsafe condition of the steps, fell and broke her left arm; that at the point where the injury occurred the sidewalk was about three feet higher than the street, "and the steps from the sidewalk to the street were steep and narrow and by the fault and negligence of the defendant in such dangerous and unsafe condition that said plaintiff, Emmie Ballard, though using ordinary and proper care in attempting to descend said steps, slipped and fell from said steps, which were constructed of stone and cement, into and upon the Franklin street pavement," and thereby suffered injuries.

[1] If the petition is to be considered as presenting only a cause of action based upon the alleged negligence of the city in failing to repair or remedy existing defects, there is authority for the proposition that it was necessary for the plaintiffs to both plead and prove notice to the city, and that such averment is necessary, even when tested by a general demurrer alone. However, it is well settled that, if the action be founded upon negligence in the original construction, no allegation of notice is necessary, because the corporation is presumed to have knowledge of the acts of its own agents in constructing improvements. City of Austin v. Ritz, 72 Tex. at page 399, 9 S. W. 884; 29 Cyc. 1386 (II); 28 Cyc. 1469 (III). Therefore, if the petition may be fairly construed as seeking a recovery for defects in construction of the sidewalk or steps as distinguished from a mere failure to repair, it was not subject to general demurrer for the omission, if any, to aver notice. A careful consideration of the pleading in this case has convinced us that it is, at least, equally open to the construction that it was intended to complain of negligence in the original construction, as of a failure to repair defects existing at the time of the accident. This being true, we are of the opinion that the general demurrer was properly overruled.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] It is contended for appellant, however, that the court did not submit the case to a jury upon the theory of defects in construction, but alone upon the theory of negligence in failing to remedy dangerous and unsafe conditions. Therefore it is urged that the verdict and judgment cannot stand, because they have no basis in the pleading, which point was raised by general demurrer and objection to the court's charge, and also by a request for a peremptory instruction. This again suggests the question that a petition in such an action is fatally defective if it fails to allege actual notice, or facts or circumstances from which notice may be implied. It is well settled as a general rule that a municipal corporation cannot be held liable for injuries caused by failure to repair defective streets or sidewalks, unless it has actual or constructive notice of the defect. City of Austin v. Ritz, supra; City of Galveston v. Smith, 80 Tex. 69, 15 S. W. 589; City of Sherman v. Greening (Tex. Civ. App.) 73 S. W. 424; City of Houston v. Vatter, 32 Tex. Civ. App. 298, 74 S. W. 806; City of Dallas v. Meyers (Tex. Civ. App.) 55 S. W. 742; Klein v. City of Dallas, 71 Tex. 283, 8 S. W. 90; 28 Cyc. 1384D.

In the case of City of Austin v. Ritz, supra, it was held error to overrule a special exception to a petition, based on failure of the city to repair defects, which did not allege notice to the city. We have found no Texas case in which a similar ruling was made when the objection was presented by general demurrer only. It is urged by the appellees that, even if notice was required to be alleged, the petition sufficiently made this averment, as against a general demurrer, when it was stated that the dangerous and unsafe condition of the sidewalk and steps was "by the failure and negligence of the defendant." In other words, it is claimed that this general averment of negligence, in respect to the leaving of the sidewalk and steps in the condition complained of, was sufficient to comprehend the fact of notice, and that, if defendant desired greater particularity, it should have urged a special exception. On the other hand, it is claimed for the city that this was but a conclusion of the pleader, and, as applied to municipal corporations, was not a sufficient allegation of notice.

We have found a conflict of authority upon this question. Our Supreme Court has held that in actions against railway companies a general averment of negligence is sufficient. Ry. v. Smith, 74 Tex. 276, 11 S. W. 1108; Ry. v. Wilson, 79 Tex. 371, 15 S. W. 280. 11 L. R. A. 486. 23 Am. St. Rep. 340. This question is considered in an exhaustive note in 59 L. R. A. page 209 et seq. Numerous cases are cited to the effect that general allegations of negligence are sufficient, and that this rule applies to actions against municipal corporations, provided that notice or knowledge appears. See cases cited on pages 248, 249, of 59 L. R. A.

Among cases holding that a petition is insufficient on demurrer when there is no allegation of notice or facts from which notice might be inferred, although negligence is charged generally, may be cited the following: Mack v. Salem, 6 Or. 275; Turner v. Indianapolis, 96 Ind. 51; Weightman v. Corporation of Washington, 1 Black, 39, 17 L. Ed. 52; Noble v. City of Richmond, 31 Grat. (Va.) 271, 31 Am. Rep. 726. Cases holding to the contrary are: Carroll v. Allen, 20 R. I. 144, 37 Atl. 704; Union St. Ry. Co. v. Stone, 54 Kan. 83, 37 Pac. 1012; Lord v. City of Mobile, 113 Ala. 360, 21 South. 366; City of Mattoon v. Barnaby Worland, 97 Ill. App. 13; City of Nokomis v. Martley Salter, 61 Ill. App. 150.

[3] We do not feel that it is necessary for us to decide this question, as the case will be reversed on other grounds, and because the plaintiffs may, and doubtless will, upon another trial, amend their pleadings to avoid any question as to notice.

[4] It is further assigned as reversible error that the court erred in the main charge, in that the jury were instructed to find for the plaintiff, if they believed that the steps in question were in a defective and unsafe condition, without further requiring the jury to find that such condition was the result of the negligence of the defendant. This point was saved by objection to the court's charge, and we think it must be sustained. The charge nowhere required the jury to find that the city was guilty of negligence, but it appears to be assumed, if the jury should find that the steps in question were in a defective and unsafe condition, and that the city had notice, and if such condition was the proximate cause of injuries to Mrs. Ballard. The whole case rests upon negligence. It is uniformly held that a city is not an insurer of the safety of its streets or sidewalks, but is held only to the measure of ordinary care in keeping its streets and sidewalks safe for the usual modes of travel. It is not liable unless the acts or omissions complained of constitute negligence, and this is a question for the jury. The defendant was entitled to a finding by the jury upon the ultimate fact, and the refusal or failure of the trial court to amend the charge so as to submit the issue to the jury was error, for which the case must be reversed. We suggest, although we do not decide, that the error was so pivotal as to constitute fundamental error, perhaps, under certain tests recognized by the Supreme Court.

[5] Another objection to the court's charge, made the basis of an assignment here, is that the court submitted to the jury the question of actual notice when there was no evidence that actual notice was given. We have not found any evidence in the record,

nor has any been pointed out in the briefs, authorizing the submission of this issue, but the evidence seems to relate only to constructive notice. This being true, it was error to submit the issue of actual notice.

For the reasons indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[6] There is one point in the motion for rehearing which we think calls for discussion. It is urged that the omission in the court's main charge to require the jury to find negligence 'on the part of the defendant before authorizing a recovery for plaintiff was cured by the following special charge, given at the request of the defendant:

"You are instructed that the defendant herein would only be liable to the plaintiff for an unsafe and dangerous condition of the sidewalk in question if defendant, in keeping said sidewalk or steps in repair, as it is required to do under its charter, failed to use ordinary care, as that term is defined in the court's main charge, and, if you believe from the evidence that the defects, if any, in said sidewalk or steps were of such a nature as that one of ordinary prudence would not change said defects, then you will return your verdict for the defendant."

The reference in this special charge to the use of ordinary care as defined in the main charge did not relate to the question of negligence in the original construction of the steps, or in failing to repair and remedy the defective and unsafe condition, but only to constructive notice by the city officials of such defects or conditions. Therefore such special charge, as to the question under consideration, must be construed as making no reference to the omission in the main charge. In view of the rule laid down by our Supreme Court and followed in Courts of Civil Appeals decisions, we are of the opinion that the giving of the special charge referred to did not cure the error in the main charge.

In Baker v. Ashe, 80 Tex. 356, 16 S. W. 37, Mr. Justice Gaines announced the rule that—

"A charge which instructs the jury to find for a plaintiff in the event they find certain facts proved by the evidence, and omits one of the facts essential to a recovery, is erroneous, and is not cured by a contradictory instruction given at the request of the other party which makes no direct reference to the erroneous charge. The erroneous charge ought to be withdrawn altogether, or corrected by a qualification referring directly to it."

The same rule was enforced in Gonzales v. Adoue & Lobit, 94 Tex. 120, 58 S. W. 951. This court held substantially the same thing in City of Cleburne v. Mfg. Co., 39 Tex.

Civ. App. 604, 88 S. W. 301. Numerous cases illustrative of the rule are collated in 4 Rose's Notes on Texas Reports, p. 201. Therefore we feel constrained to overrule the contention that the error was cured.

The motion for rehearing is overruled.

Overruled.