### CITY OF WACO v. BALLARD et al. *
### (No. 277.)

(Court of Civil Appeals of Texas. Waco. Oct. 29, 1925. Rehearing Denied Nov. 26, 1925.)

1. **Appeal and error** ⊙═1050(1)—**Permitting city commissioner to testify as to having passed alleged defective steps, if error, held harmless.**

In action against city for injuries from defective steps, error, if any, in permitting witness to testify that during time he was commissioner and alderman he passed near such steps, as attempting to charge city with actual notice, was harmless, where witness did not testify to discovering any defects, and the question of actual notice on part of city was not submitted to jury.

2. **Municipal corporations** ⊙═788(1) — **Actual or constructive notice by city of defective condition of steps necessary to recover for injuries thereon.**

In order for person injured on alleged defective steps to recover damages from city, it is necessary for plaintiff to show that city had actual or constructive notice of defective condition of such steps.

3. **Municipal corporations** ⊙═818(7)—**Evidence that defective steps in same condition at time of measurement year after injury held properly admitted.**

In action against city for injuries from defective steps, testimony of city engineer of measurement of steps year after injury occurred, and testimony of another that condition of steps was same at time of injury as at time of measurements by city engineer, held properly admitted, in view of uncontradicted testimony that steps had not been altered for a long time and remained in same condition they were at time of accident for several years thereafter.

4. **Trial** ⊙═133(6)—**Error not usually predicated on improper remarks which were withdrawn from jury.**

Error cannot usually be predicated on improper remarks of counsel which were withdrawn from consideration of jury.

Error from District Court, McLennan County; James P. Alexander, Judge.

Action by Emmie Ballard and husband against the City of Waco. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 246 S. W. 97.

John McGlasson and W. L. McConnell, both of Waco, for plaintiff in error.

W. J. Hannah, R. L. Henderson, and R. H. Rogers, all of Waco, for defendants in error.

STANFORD, J. This suit was brought by Emmie Ballard, joined by her husband, against the city of Waco for personal injuries alleged to have been sustained by her by reason of the negligence of said city in permitting the steps at the west corner of South Third street and Franklin avenue in said city, leading from the sidewalk down to the street, to become and remain in a defective condition, causing her to fall and break her arm. In response to special issues, the jury made the following material findings:

"(1) That the steps in question at the time of the injury were narrow, sloping, badly worn, irregular in width and height, and, by reason thereof, defective and unsafe.

"(2) That Mrs. Ballard was caused to fall and injure herself as the direct and proximate result of such defects in said steps.

"(3) That the city officials of the city of Waco could, by the exercise of ordinary care, have discovered the defective condition of said steps, that is, that said steps were narrow, sloping, badly worn, and irregular in width, a sufficient length of time prior to said accident to have enabled them to repair said steps before said accident.

"(4) That the city of Waco, or its officials in charge thereof, were guilty of negligence in failing to repair said steps prior to said injury.

"(5) That such negligence was the proximate cause of the injury received by Mrs. Ballard.

"(6) That Mrs. Ballard was not guilty of negligence in stepping onto said steps in the condition in which they were at the time she stepped upon them, in the manner in which she stepped onto them.

"(7) That $800 will reasonably compensate Mrs. Ballard for the injuries received by her on the occasion in question.

"(8) That Mrs. Ballard has reasonably and necessarily incurred a doctor's bill of $13.10 as the direct and proximate result of the injury to her arm."

On the above findings of the jury, the trial court entered judgment in favor of Mrs. Ballard, defendant in error herein, against the city of Waco for $813.10. For opinion on former appeal, see 246 S. W. 97.

### Opinion.

[1, 2] Under its second assignment, plaintiff in error, which will hereinafter be referred to as plaintiff, claims the court erred in admitting, over its objections, the evidence of W. H. Cockroft to the effect that he passed the corner where the injury occurred prior

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 20, 1926.

to March 21, 1920, the date of the injury, as said witness was not on said date a commissioner of the city of Waco and had not been for a number of years. The record discloses the witness was alderman from 1900 to 1908, and was a commissioner of the city for the years 1915 and 1916, and again became commissioner in May, 1920. The question asked the witness was:

"Prior to March 21, 1920, at the time you were commissioner and alderman, did you pass on or around near these steps at the corner of Third and Franklin streets?"

To which he replied:

"Yes, of course. I passed over them, and on that street many times, I am sure, during that time. I was all over town at different places."

The time inquired about was the time during which the witness was alderman or commissioner, and, if the witness had testified that he observed the condition of said steps, and that they were defective, the evidence, it seems, would have been improper, in the absence of other evidence showing the condition of said steps was the same from 1900 to 1908, and during 1915 and 1916, as it was at the time the injury occurred March 21, 1920.

Plaintiff also contends under this assignment that defendant in error, herein referred to as defendant, was permitted, over its objections, by said witness Cockroft to charge plaintiff with actual notice of the condition of said steps by showing that said witness acquired such notice, at a time when he was a private citizen and not an officer of the city. But this contention is not sustained by the record. The question propounded to said witness and his answer thereto, in reference to his passing the corner where the injury occurred, limited said occasions to times when he was either alderman or commissioner of said city. However, if any error, in any event, is shown by this assignment, it was harmless, and could not have injured plaintiff, in that the witness testified only to passing over said corner and on that street. He did not testify to discovering any defect, so his passing said place would in no way tend to charge the city with actual notice of said alleged defect. And said error, if any, was further harmless in that the court did not submit the question of actual notice on the part of the city of said defective condition of said steps to the jury, and the jury made no finding thereon. In order for defendant to recover, it was necessary for her to show that the city had actual or constructive notice of the defective condition of said steps. City of Waco v. Ballard (Tex. Civ. App.) 246 S. W. 99, and cases there cited. The trial court, doubtless concluding there was no evidence of actual notice, did not submit such issue to the jury, but did submit in special issue No. 3 the issue of constructive notice, and in reply thereto the jury found that the city officials, by the exercise of ordinary care, could have discovered the defective condition of said steps a sufficient length of time prior to said accident to have enabled them to repair said steps before said accident. The question of actual notice was not involved.

[3] Under plaintiff's third assignment, complaint is made of the admission of the evidence of city engineer, George Gurley, of measurements he made of said steps about a year after the injury occurred; and under its fourth assignment complaint is made of the admission of the evidence of R. L. Henderson to the effect that the condition of the steps was the same at the time of the injury and at the time the measurements were made by the witness George Gurley. The record discloses there were three of these steps leading from the street up to a level with the sidewalk; that said steps, many years ago, had been cut in limestone rock. The witness Henderson testified that he examined said steps on the morning after the injury; that they did not appear to have been altered in any way for a long time; that there were no marks on them nor fresh changes of any kind; that they remained in the same condition that they were in on the morning after the accident for two or three years, and long after the measurements were made by the witness George Gurley. There was no evidence tending to contradict the evidence of the witness Henderson or the witness Gurley. We think the trial court correctly admitted the evidence of both these witnesses.

[4] Under plaintiff's fifth and sixth assignments, which are submitted together, complaint is made of improper argument made to the jury by R. L. Henderson, and also W. J. Hannah, attorneys for Mrs. Ballard. Without quoting the arguments of which complaint is made, we will say neither argument was inflammatory or calculated to arouse any feeling on the part of the jury that could cause them to render an improper verdict. The record also discloses that as soon as each of said arguments was made and objected to the trial court instructed the jury not to consider same. There is no contention that the verdict is excessive. Error cannot usually be predicated upon improper remarks of counsel which were withdrawn by the court from the consideration of the jury. Black v. Wilson (Tex. Civ. App.) 187 S. W. 493; Andrews v. Wilding (Tex. Civ. App.) 193 S. W. 192; Glover v. Pfeuffer (Tex. Civ. App.) 163 S. W. 984; T. & B. V. Ry. Co. v. Dodd (Tex. Civ. App.) 167 S. W. 238; Fort Worth & D. C. Ry. Co. v. Stalcup (Tex. Civ. App.) 167 S. W. 279.

In the case of I. & G. N. Ry. Co. v. Irvine, 64 Tex. 535, our Supreme Court, by Judge Stayton, said:

"The use of improper language or course of argument by adverse counsel, within itself, furnishes no sufficient reason for reversing a judgment; and it is only in cases in which the

preponderance of the evidence seems to be against the verdict, or in cases in which the verdict seems excessive and there is reason to believe that the verdict may have been affected by such course of conduct, that it, becomes a ground for reversal."

See, also, Railway Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 541; Sinclair v. Stanley, 69 Tex. 718, 7 S. W. 517; Railway Co. v. Bowles (Tex. Civ. App.) 30 S. W. 727. In this case the sufficiency of the evidence to support the verdict and the amount found by the jury is not questioned.

We have examined all assignments of error, and, finding no error, overrule same and affirm the judgment of the trial court.