### CITY OF WACO v. WITT.

### No. 2042.

Court of Civil Appeals of Texas. Waco.

March 16, 1939.

Rehearing Denied April 13, 1939.

Allan D. Sanford, Geo. W. Morrow, and Mabel Grey Howell, all of Waco, for appellant.

F. R. Valentine, W. M. Zachry, and D. M. Wilson, all of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by J. R. Witt against the City of Waco to recover damages for personal injuries sustained by plaintiff as the result of his falling into an allegedly defective water meter box. A trial before a jury resulted in judgment for plaintiff in the sum of $1500. The defendant appealed.

The City of Waco owned and operated its own water system. On the night of January 22, 1937, the plaintiff, while walking from the sidewalk to the street at a point near 1527 South 4th Street, stepped on the lid of a meter box belonging to the city. The lid slipped from its position and, as a result, plaintiff was injured. In plaintiff's original petition the only act of negligence charged was that the employees of the water department negligently failed to properly lock the meter box. By trial amendment it was charged that there was a large crack in the end of the box, extending from the top to the bottom

thereof, that the flange on which the lid rested was broken off, and that "the spring on the top of said lid had become rusted and weathered and in such weakened condition as to render it of no use whatever in holding said lid on said box;" that the box was in such defective condition when it was installed, and the employees were negligent in so installing it, and said employees, by the exercise of ordinary care, should have discovered the defect. The court submitted to the jury the issues (1) was the meter box at the time of the accident in such condition that the lid did not stay securely fastened; (2) did George J. Rohan (the water superintendent) know of such condition; (3) did he know of such condition in sufficient time to have remedied same prior to the accident; (4) was the city negligent in maintaining a meter box in such condition; (5) did the city fail to have the lid on the meter box locked; and (6) was this negligence. The jury answered all of the issues in the affirmative.

We fail to find any evidence in the record whatever to show that Rohan, the superintendent of the water works, had any knowledge of the defect in the meter box. There was some evidence that at the time of the accident the box was cracked and a part of the flange broken off and that the same condition existed when the box was installed in September prior to the accident in January, but the court did not submit any issue, and no request was made for the submission thereof, as to whether the box was in such defective condition when it was installed. Apparently, plaintiff abandoned this theory of the case. With reference to the so-called lock on the meter box, the evidence shows without dispute that a box of this kind is not usually equipped with what is commonly known as a lock but is equipped with a catch operated by a spring so that when the lid is placed in position and pushed down the catch will hold the lid in position. It can be opened with a screw driver or any other sharp pointed instrument. It was not charged that the city was negligent in failing to have the box locked, but, as above stated, it was alleged that the spring on the lid was defective. There

was some evidence that the spring was defective at the time of the accident, but no one undertook to testify to any facts showing that Rohan knew of any of such defects.

Ordinarily, in order to render a municipality liable for such an injury, the defect complained of must have been caused by the city or its authority, or the city must have had actual or constructive notice thereof and negligently failed to remedy same. 43 C.J. 1153; 30 Tex.Jur. 529; 39 Tex.Jur. 711. Constructive notice may exist or be implied where the defect has existed so long that the municipality, by the exercise of ordinary care, should have discovered it. 39 Tex.Jur. 713. As above stated, the plaintiff did not request the submission of any issue as to whether the defect existed when the box was installed, nor did he request the submission of an issue as to whether it had existed so long that the city's agents should have discovered same prior to the injury. He relied solely on actual knowledge on the part of Rohan, the superintendent, and since there was no evidence that Rohan knew of the defect, the court erred in submitting that issue to the jury. City of Waco v. Ballard, Tex.Civ.App., 246 S.W. 97, par. 5. The most that the findings of the jury reflect is that at the time of the accident, the box was in such condition that the lid did not stay securely fastened. We are left in the dark as to how long this condition had existed, and as to who or what caused it to be in that condition. The box could have been tampered with by a third party only a short time prior to the accident, thus causing it to be in the condition found by the jury. If so, the city would not have been liable unless, as found by the jury, some of the city's employees knew of the condition in time to have remedied the defects prior to the accident. In the absence of the jury's finding that Rohan had actual knowledge of the defect, which is unsupported by the evidence, the verdict is insufficient to support a judgment for plaintiff.

The judgment of the trial court is reversed and the cause is remanded for a new trial.